CHIN-LI MOU
4141 Boneso Circle
San Jose, CA 95134

(408) 954-8085

Email: cmou@hotmail.com



Filed
MAR 26 2008
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

UNITED STATES FEDERAL COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CHIN-LI MOU,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF SAN JOSE, SAN JOSE PUBLIC LIBRARY EDUCATION PARK BRANCH<br><br>Defendants. | CASE NO.: C07 05740 RS<br><br>PLAINTIFF CHIN-LI MOU'S CASE MANAGEMENT STATEMENT |

In accordance with Civil Local Rule ("L.R.") 16-9, the plaintiff in the above titled action submits this separate case management statement. Plaintiff have been contacting with defendants' counsel for joint case management statement, but to no avail. Plaintiff requests that the Court adopt this case management statement in its Case Management Order.

1. **Description of Jurisdictional Issues**

   No parties remain to be served in this lawsuit.

2. **Description of the Case**

Case Management Statement

On or about November 3, 2006, Plaintiff Chin-Li Mou (hereinafter collectively referred to as "Plaintiff") was utilizing the San Jose Public Library Education Park Branch when she was confronted by the branch supervisor, Ms. Daisy Porter, and Plaintiff was asked to leave the premise. Immediately prior to Plaintiff's being asked to leave, a student from a nearby Independent high school had confronted Plaintiff in the library as Plaintiff had asked other students that were acting in a disruptive manner to please be a little quieter and considerate so others in the library could concentrate. The students were engaged in everything from arm wrestling to the playing of musical instruments. The Plaintiff had witnessed this type of conduct in the past at the San Jose Public Library Education Park Branch. The library staff would not enforce the normal rules for silence and respect for other patrons with these students. Plaintiff left the library without argument. Once outside, the Plaintiff was confronted by a female student from the Independent high school who then physically attacked her and the attacker was eventually pulled away by other students in the quickly assembled crowd. Plaintiff who is small in stature was bruised and shaken by the incident and feared for her life. Plaintiff immediately called 911 and when the San Jose police officers arrived, the Independent high school security sent the San Jose police officers away. They told them that there was in fact no problem and that they could leave without the necessity of taking any lengthy report.

On or about November 7, 2006 the attacker, the female student from the Independent high school again entered the San Jose Public Library Education Park Branch. Plaintiff feared for her safety and immediately called San Jose police officers. Upon their arrival, Ms. Daisy Porter, the branch supervisor, deliberately stated to the investigating officers that nothing had happened with the students from the Independent high school. When the officers concluded the questioning of Ms. Porter they returned to interview plaintiff. San Jose Police Officer Kimberly Hudson, Badge No. 2495 began to discuss the incident with Plaintiff. Her attitude was rude and disrespectful to Plaintiff and it seemed that Plaintiff became a victim a second time. The first statement from her was the students from Independent high school were born in this country and

Case Management Statement

since Plaintiff was not fortunate enough to be born here Plaintiff's rights were subordinated to their rights. Plaintiff was further warned by San Jose Police Officer Kimberly Hudson, Badge No. 2495 that if she so much as talked to the Independent high school students that she would then and there be arrested even though it was the students that initiated the conversation and violence with her.

Plaintiff was further admonished by Ms. Carol Frost, a person of higher-level management with San Jose Martin Luther King Library, that I had to get permission from Ms. Porter before I could summon the police for help. Plaintiff was then banned by both librarians from using the public library system for a period of 6 months just for trying to protect herself by calling the police. Plaintiff hired an attorney and he was unable to have the library personnel voluntarily reverse the ban.

It is Plaintiff's contention that her Constitutional rights have been violated specifically but not limited to her First, Eighth and Fourteenth Amendment rights. These rights have been violated by the Defendants and Plaintiff has been damaged accordingly.

Defendants knew or should have known the high degree of embarrassment and public humiliation that Plaintiff was enduring as a result of Defendants' conduct.

Plaintiff suffered severe mental distress and was injured in her health as a direct result of Defendants' conduct. Plaintiff continues to suffer great mental, nervous, physical and emotional pain.

### 3. Description of Legal Issues Genuinely in Dispute

It is Plaintiff's contention that her Constitutional rights have been violated specifically but not limited to her First, Eighth and Fourteenth Amendment rights. These rights have been violated by the Defendants and that Plaintiff has been damaged accordingly.

### 4. Motions before Trial

There is no prior or pending motion pertaining to this lawsuit as of now. Plaintiff anticipates that there might be motions from both defendants and plaintiff in the future.

Case Management Statement

### 5. Discovery

Interrogatories shall be limited to 10 for Plaintiff's side, including sub-parts.

The period of fact discovery shall begin upon the entry of this Order and shall be completed within 18 months or before trial, whichever comes first.

### 6. Description of Relief Sought

Plaintiff prays for judgment as follows:

a. For damages in the sum of $250,000.00 representing damages for her Constitutional rights violations;

b. For medical expenses to date and for those anticipated in the future;

c. For a public apology and retraction of all defamatory statements made by librarians Ms. Porter and Ms. Frost;

d. For costs of suit incurred herein;

e. For such other costs and further relief as the Court deems proper.

### 7. Description of Settlement and ADR

There have been no ADR efforts to date. No settlement conference has been scheduled at this time. Plaintiff, in all good faith, is open and willing to work with defendants for settlement and ADR resolution.

### 8. Consent to a Magistrate Judge

The Plaintiff does not consent to a magistrate judge.

### 9. Current Service List

Chin-Li Mou

4141 Boneso Circle

San Jose, CA 95134

Tel: (408) 954-8085

Email: cmou@hotmail.com

Case Management Statement

Dated: January 25, 2008

                                               Chin-Li Mou

                                               Plaintiff in pro se

Case Management Statement

# AFFIDAVIT AND DECLARATION OF PROOF OF SERVICE

I am over the age of eighteen years and not a party to the within action. I am an individual, whose business address is: 1778 McCarthy Blvd., Milpitas, CA 95035. The documents which are the subject of this Proof of Service are:

## CASE MANAGEMENT STATEMENT

On the date listed below, I served the above documents in this action by placing ☐ the original [X] true copy(ies) thereof enclosed in sealed envelope(s) addressed as follows:

Chin-Li Mou                           In Propria Persona
4141 Boneso Circle
San Jose, CA 95134
Phone: 408-954-8085
E-mail: cmou@hotmail.com

Robert Burchfiel                      Atty for Defendants
Office of the City Attorney
City of San Jose
200 East Santa Clara Street
Tel: 408-535-1938
E-mail: bob.burchfiel@sanjoseca.gov

[X]  BY MAIL(C.C.P. §1013(a))—I deposited such envelope(s) for processing in the postal office drop box, with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of a party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

[X]  BY E-MAIL – transmitted electronically to the e-mail addresses above.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on: March 26, 2008, at Milpitas, CA.

_____
Steven Yang

Case Management Statement