CHIN-LI MOU
4141 Boneso Circle
San Jose, CA 95134

(408) 954-8085

Email: cmou@hotmail.com

**FILED**

2008 MAY 30  A 11: 14

RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA. S.J.



UNITED STATES FEDERAL COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CHIN-LI MOU, | CASE NO.: C07 05740 RS |
| Plaintiff, | |
| vs. | PLAINTIFF CHIN-LI MOU'S CASE MANAGEMENT STATEMENT |
| CITY OF SAN JOSE, SAN JOSE PUBLIC LIBRARY EDUCATION PARK BRANCH | |
| Defendants. | |

In accordance with Civil Local Rule ("L.R.") 16-9, the plaintiff in the above titled action submits this separate case management statement. Plaintiff have been contacting with defendants' counsel for joint case management statement, and that defendants' counsel wants to file separate case management statement. Plaintiff requests that the Court adopt this case management statement in its Case Management Order.

1. **Description of Jurisdictional Issues**

   No parties remain to be served in this lawsuit.

2. **Description of the Case**

Case Management Statement

1

1        On or about November 3, 2006, Plaintiff Chin-Li Mou (hereinafter collectively referred to

2  as "Plaintiff") was utilizing the San Jose Public Library Education Park Branch when she was

3  confronted by the branch supervisor, Ms. Daisy Porter, and Plaintiff was asked to leave the

4  premise. Immediately prior to Plaintiff's being asked to leave, a student from a nearby

5  Independent high school had confronted Plaintiff in the library as Plaintiff had asked other

6  students that were acting in a disruptive manner to please be a little quieter and considerate so

7  others in the library could concentrate. The students were engaged in everything from arm

8  wrestling to the playing of musical instruments. The Plaintiff had witnessed this type of conduct

9  in the past at the San Jose Public Library Education Park Branch. The library staff would not

10 enforce the normal rules for silence and respect for other patrons with these students. Plaintiff

11 left the library without argument. Once outside, the Plaintiff was confronted by a female student

12 from the Independent high school who then physically attacked her and the attacker was

13 eventually pulled away by other students in the quickly assembled crowd. Plaintiff who is small

14 in stature was bruised and shaken by the incident and feared for her life. Plaintiff immediately

15 called 911 and when the San Jose police officers arrived, the Independent high school security

16 sent the San Jose police officers away. They told them that there was in fact no problem and that

17 they could leave without the necessity of taking any lengthy report.

18       On or about November 7, 2006 the attacker, the female student from the Independent

19 high school again entered the San Jose Public Library Education Park Branch. Plaintiff feared for

20 her safety and immediately called San Jose police officers. Upon their arrival, Ms. Daisy Porter,

21 the branch supervisor, deliberately stated to the investigating officers that nothing had happened

22 with the students from the Independent high school. When the officers concluded the questioning

23 of Ms. Porter they returned to interview plaintiff. San Jose Police Officer Kimberly Hudson,

24 Badge No. 2495 began to discuss the incident with Plaintiff. Her attitude was rude and

25 disrespectful to Plaintiff and it seemed that Plaintiff became a victim a second time. The first

26 statement from her was the students from Independent high school were born in this country and

27

28

Case Management Statement            2

1   since Plaintiff was not fortunate enough to be born here Plaintiff's rights were subordinated to

2   their rights. Plaintiff was further warned by San Jose Police Officer Kimberly Hudson, Badge

3   No. 2495 that if she so much as talked to the Independent high school students that she would

4   then and there be arrested even though it was the students that initiated the conversation and

5   violence with her.

6        Plaintiff was further admonished by Ms. Carol Frost, a person of higher-level

7   management with San Jose Martin Luther King Library, that I had to get permission from Ms.

8   Porter before I could summon the police for help. Plaintiff was then banned by both librarians

9   from using the public library system for a period of 6 months just for trying to protect herself by

10  calling the police. Plaintiff hired an attorney and he was unable to have the library personnel

11  voluntarily reverse the ban.

12       It is Plaintiff's contention that her Constitutional rights have been violated specifically

13  but not limited to her First, Eighth and Fourteenth Amendment rights. These rights have been

14  violated by the Defendants and Plaintiff has been damaged accordingly.

15       Defendants knew or should have known the high degree of embarrassment and public

16  humiliation that Plaintiff was enduring as a result of Defendants' conduct.

17       Plaintiff suffered severe mental distress and was injured in her health as a direct result of

18  Defendants' conduct. Plaintiff continues to suffer great mental, nervous, physical and emotional

19  pain.

20  **3. Description of Legal Issues Genuinely in Dispute**

21       It is Plaintiff's contention that her Constitutional rights have been violated specifically

22  but not limited to her First, Eighth and Fourteenth Amendment rights. These rights have been

23  violated by the Defendants and that Plaintiff has been damaged accordingly.

24  **4. Motions before Trial**

25       There is no prior or pending motion pertaining to this lawsuit as of now. Plaintiff

26  anticipates that there might be motions from both defendants and plaintiff in the future.

27

28

Case Management Statement                                                    3

**5. Initial Disclosure**

There is a mis-interpretation derived by defendants' counsel from our previous phone conversation. What Plaintiff meant was that Plaintiff would provide you those documents by certain date that is required by law.

Based on Federal Rule 26 (a)(1)(C) "Time for Initial Disclosures -- In General. A party must make the initial disclosures at or within 14 days after the parties' Rule 26(f) conference unless a different time is set by stipulation or court order. ..."

It's Plaintiff's belief that 14 days means 14 court calendar days. That being said, if we hold the case management conference on May 30, as scheduled, the latest day for Plaintiff to provide defendants' counsel those documents will be ~~June 19, 2008.~~ July 1, 2008

**6. Discovery and Deposition**

Defendants' deposition for plaintiff shall be limited to no more than 2 half-day sessions.

The period of fact discovery shall begin upon the entry of this Order and shall be completed within 24 months or before trial, whichever comes first.

**7. Description of Relief Sought**

Plaintiff prays for judgment as follows:

    a.  For damages in the sum of $250,000.00 representing damages for her Constitutional rights violations;

    b.  For medical expenses to date and for those anticipated in the future;

    c.  For a public apology and retraction of all defamatory statements made by librarians Ms. Porter and Ms. Frost;

    d.  For costs of suit incurred herein;

    e.  For such other costs and further relief as the Court deems proper.

**8. Description of Settlement and ADR**

No settlement conference has been scheduled at this time. Plaintiff, in all good faith, is open and willing to work with defendants for settlement and ADR resolution.

**9. Current Service List**

Communication is suggested by doing both postal mail and e-mail since postal mail could get lost.

Chin-Li Mou

4141 Boneso Circle

San Jose, CA 95134

Tel: (408) 954-8085

Email: cmou@hotmail.com

Dated: May 25, 2008

Chin-Li Mou

Plaintiff in pro se

Case Management Statement                                                                                5