

FILED

JUL 2 3 2008

NG
CLER      T COURT
NORTHE       OF CALIFORNIA
          JOSE

July 23, 2008

Dear Honorable Judge Fogel:

   I am writing to ask your help in regard to my civil case against City of San Jose, and the case number is: C07 05740. I e-mailed and phone Mr. Burchfiel tried to resolve this issue with him, but he refused to listen.

   Last week, I received a set of discovery documents—interrogatory, request for documents, deposition notice—from the defendant's counsel Mr. Burchfiel. He states that I have to provide or replenish these documents by the end of August, 2008, including a deposition on August 21, 2008. He further states that he will sanction me if I don't comply with his requests from out phone conversation.

   According to "Handbook for Litigants without a lawyer" page 73 second paragraph "In all other cases, Rules 26(d) of the federal rule of Civil Procedure states that discovery can't begin until the parties have had their Rule 26(f) meet and confer." Mr. Burchfiel had never initialed any Rule 26(f) meet and confer

   Pursuant to Federal Rule 26(f)(2), "The attorneys of record and all unrepresented parties that have appeared in the case are jointly responsible for arranging the conference, for attempting in good faith to agree on the proposed discovery plan, and for submitting to the court within 14 days after the conference a written report outlining the plan." Furthermore, Rule 26(d) of the Federal Rules of Civil Procedure states that, "discovery cannot begin until the parties have had their Rule 26(f) meet and confer."

   At this point, to my best knowledge, Mr. Burchfiel and I have had not Rule 26(f) meet and confer. Based on that, I believe that Mr. Burchfiel has made an inappropriate schedule for me to comply with for the discovery.

   I'd like to request the Court to send an order to Mr. Burchfiel and ask him to stop discovery process, until Rule 26(f) is met and conferred.

Sincerely Yours,

Chin-Li (Karen) Mou

CC. Mr. Burchfiel

Windows Live Hotmail



Windows Live™                                                cmou@hotmail.com
                                                                   Sign out

| Inbox | New | Reply | Reply all | Forward | Delete | Junk |

Junk                                                         Options

Move to

Drafts

Sent

**Deleted (2)**

cityU

civil

cr

Fed suits

law school

state suits

webaddress

Manage folders

Today

Mail

Contacts

Calendar

### RE: My second letter to Mr. Burchfiel regarding to his violation ofDiscovery rule

From:     **Burchfiel, Bob** (Bob.Burchfiel@sanjoseca.gov)
Sent:     Wed 7/23/08 6:42 PM
To:       'chin-li mou' (cmou@hotmail.com)

Having just finished our telephone call of this date, I will confirm my statement that you have failed to follow the courts' order on the deadline of early July for your initial disclosure as stated in my prior letter. If you also fail to respond to the discovery served upon you in the legal time limit, I will be forced to move the court for an additional order to comply and request sanctions of fees and costs. This will also be the case if you fail to attend your noticed deposition on July 27th unless we have agreed on a date and time before July 29th for rescheduling.
You had Mr.. Kallis as your attorney in this matter before litigation and I suggest you contact him for advise on these discovery issues before the deadlines have past.
Please contact me if you have constructive questions or input.

**From:** chin-li mou [mailto:cmou@hotmail.com]
**Sent:** Tuesday, July 22, 2008 5:54 PM
**To:** Burchfiel, Bob; Cecilia McDaniel
**Cc:** cmou@hotmail.com
**Subject:** My second letter to Mr. Burchfiel regarding to his violation ofDiscovery rule

Robert Burchfiel

Office of the City Attorney

200 East Santa Clara Street

San Jose , CA 95113

2nd email

(please see the other side)

July 22, 2008

Dear Mr. Burchfiel:

I have received a set of discovery documentation from you last week, meaning that you want to start the discovery process.

Pursuant to Federal Rule 26(f)(2), "The attorneys of record and all unrepresented parties that have appeared in the case are jointly responsible for arranging the conference, for attempting in good faith to agree on the proposed discovery plan, and for submitting to the court within 14 days after the conference a written report outlining the plan." I tried to e-mail you and communicated with you, but you refused to confer. In addition, you insulted me by saying "Your lack of legal knowledge will not hinder the advancement of this litigation." This is my second times trying to communicate with you to set up a Rule 26 (f) meet and confer. I suggest that we meet after the case conference meeting in Aug. After Discovery conference meeting, the initial disclosure due within 10 days. By the way, your initial disclosure was not completed. While rule 26 (a) (1) (d) doesn't apply to me, it might apply to you. You might want to look into this.

Furthermore, to facilitate the entire discovery process, Rule 26(f) of the Federal Rules of Civil Procedure mandates that the parties confer as soon as possible to accomplish a number of specified tasks, including the development of a discovery plan.

That being said, as I have worked hard in trying to confer with you for discovery plan to no avail, and since we write separate case management statement, I believe that you can not start the discovery plan until we reach agreement in this regard according to Federal code of civil procedure. Should you choose not to follow Federal Rule of Civil Procedure, I'll have no choice but to write a letter to the Judge for a court order. After that I might file a complaint to California Bar Association.

Should you have any additional questions or comment in this regard, please feel free to contact me.

Sincerely,

Chin-Li Mou

cmou@hotmail.com

From: Bob.Burchfiel@sanjoseca.gov
To: cmou@hotmail.com
Subject: RE:
Date: Tue, 22 Jul 2008 13:48:58 -0700

Responses to ALL discovery sent to you are to be returned within 30 days and you are still under legal notice to attend your deposition on Aug. 27th, 2008. If you request another date for your deposition before Aug. 29th, 2008, I will consider that request once the alternative date and time for your deposition before Aug. 29th is suggested by you in written form (e-mail or letter). Your lack of legal knowledge will not hinder the advancement of this litigation.
If you have any additional question, please contact me.

From: chin-li mou [mailto:cmou@hotmail.com]
Sent: Tuesday, July 22, 2008 10:20 AM
To: bob.burchfiel@sanjoseca.go; McDaniel, Cecilia
Subject:

*first email*

Mr. Burchfiel,

I have received the documents sent by you late last week. As far as rules are concerned, I believe that each discovery has 30 days to respond. You sent me two discovery documents , and that I believe I have up to 60 days to complete them and then send them back to you.

That being said, I will be busy with completing these documents into September, I cannot make the schedule for the deposition in August, as you propose.

If you have any further question, please feel free to contact me.

Best regards,

Chin-Li Mou

Use video conversation to talk face-to-face with Windows Live Messenger. Get started.

Stay in touch when you're away with Windows Live Messenger. IM anytime

*my previous letter to Honorable Judge Fogel.*

Dear Honorable Judge Fogel:                                        June 18, 2008

I'm sorry to bother you. I have tried to do a stipulation with Mr. Burchfiel, but it was not successful. I am writing to you in regard to my civil case against City of San Jose, case number: C07 05740. I'm writing to ask your help1.)please please switch ENE to mediation process 2.) please delay my case until I get an attorney from pro Bono project. 3). Please delays pre-disclosure according to Federal rule 26.Here are my reasons.

The defendants' counsel Mr. Robert Burchfiel had asked me to participate in an ENE process. Even though I don't much about ENE,I agreed to do so to show my willingness to co-operate in this legal process. I don't know Mr. Burchfiel very well, in my opinion, he uses ENE process to help himself to abuse me. When I spoke to Mr.Herman, Director, ADR Program, we believe that mediation will be benefit. However, Mr. Burchfiel insists to use ENE. Honorable judge did grant ENE with modified mediation, but the evaluator uses the process ENE process.
We did have a conference phone call starting at 10:00AM, June 16, 2008. During the phone conversation, I feel like I am being mistreated in some ways. In my humble opinion, the evaluator did not conduct the evaluation in a fair way, and that I feel I am being abused in this neutral evaluation. According ADR rule 5, both side have to write, but in my case, I'm the one has to write. I have to write a chronological order about what happened to me in the library; it is a burden and duplicate work because they are stated in my complaint. I also have to collect all the evidence within a short time (including but not limited to documents, witness, and statements from witnesses). This is one of examples showing me try very hard to mediate rather than litigate this case. I have tried ENE with modified mediation, but it doesn't work. May I voice up my need alone with Mr. Herman's suggestion- mediation? This is another example showing me try very hard to mediate rather than litigate this case.

Second, one of the very kind and helpful staff attorneys at ADR suggested me to wrote a motion to propose order to delay the process and at the same time try to get stipulation from Mr. Burchfiel. I left him a voice message on Monday morning (June 16), and I also ask his security to remind him on this. I waited for three days, and he failed to call me back. . In addition, since I am in the process of obtaining a counsel from the Federal Pro Bono Project, in my opinion, it'll serve the best interest of justice to this case, if we can delay any further legal process until the end of counsel-requesting process.

Third, on or about the first or second week of May, while I was very busy with my final exams, final projects, Mr. Burchfiel mentioned that I have to finish my pre-disclosure according rule 26. I e-mailed and asked which rule 26, and he never answered my question. I was so willing to work with him, so I made a common to him that I'm willing to disclose only if the law requires me. He said yes I have to, and yes, I passed the deadline already. He was very push to get a new deadline from me, so I gave him a deadline. Then, I got a letter from him said I agree to rule 26. After my busy finals, I took the effort to find out rule 26. Federal rule 26 doesn't say pre-disclosure is required. As my answer to Mr. Burchfiel, I'm willing to disclose only if the laws require me. But he twisted in the letter.

I'm a pro per. and I am trying my best to work with Mr. Burchfiel. Again, I don't know him well, from my experience working with him, he tricked me many times. It is really beyond my

ability to work with him. It has been a very stressful and depressed experience, and I'm afraid my blood pressure and depression problems will get worse. I sincerely ask your help. English is my second language; if I didn't make myself clear, I appology. Here is my contact information in case you have any question. Phone# 408)644-1121 (cell) e-mail : cmou@hotmail.cm Address : 4141 boneso circle, san jose CA 95134

Best Regards,

Chin-Li (karen) Mou

Cc: Mr. Robert Burchfiel