CHIN-LI MOU
4141 Boneso Circle
San Jose, CA 95134

(408) 954-8085

Email: cmou@hotmail.com

FILED

2008 AUG 19 P 1:03

RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA. S.J.



UNITED STATES FEDERAL COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CHIN-LI MOU, <br> Plaintiff, <br> vs. <br> CITY OF SAN JOSE, SAN JOSE PUBLIC LIBRARY EDUCATION PARK BRANCH <br> Defendants. | CASE NO.: C07 05740 RS <br><br> PLAINTIFF CHIN-LI MOU'S CASE MANAGEMENT STATEMENT <br><br> Date:     August 29, 2008 <br> Time:     10:30AM <br> Courtroom: 3 <br> Judge:    Honorable Jeremy Fogel |

In accordance with Civil Local Rule ("L.R.") 16-9, the plaintiff in the above titled action submits this separate case management statement. Plaintiff have been contacting with defendants' counsel to meet and confer and to submit joint case management statement. Defendant counsel's unwillingness to co-operate in these aspects made it impossible to file a joint Case Management Statement.

Furthermore, to facilitate the entire discovery process, Rule 26(f) of the Federal Rules of Civil Procedure mandates that the parties confer as soon as possible to accomplish a number of specified tasks, including the development of a discovery plan, and that discovery process shall

Case Management Statement                                                                 1

not start until both parties meet and confer. Plaintiff had tried all she could to contact defendant's counsel for meetings or the likes to confer discovery plan, but city attorney refused her in a bad faith. Mr. Burchfiel intentionally lied in the most current case management statement including but not limited to page 3 line 20 to 24 and line 26. Exhibit A clearly showed that Plaintiff sent out an e-mail on July 22 to Mr. Burchfiel "*I suggest that we meet after the case conference meeting in Aug*" and also suggest him to follow Federal Code of Civil Procedure "Discovery shall not begin until there is a meet and confer meeting according to Rule 26(f)". On information and belief, Mr. Burchfiel was admitted to California Bar Association since 1983 and should have known this rule, but **he intentionally violated federal laws and lied to the judge and the court**. *Defendant's counsel sent Plaintiff a set of discovery documents in the week of July 14, 2008,* **in apparent violation of Fed. Rule 26(f) Procedure, just to harass, annoy and cause unnecessary hardship and/or expense on plaintiff and to dissuade Plaintiff from pursuing her claims.** According to Fed Rule of civil Procedure 37(g) "If a party or a party's attorney fail to participate in good faith in the development and submission of a proposed discovery plan as required by Rule 26(f), the court may require the party or attorney to pay the reasonable expense, including attorney's fees, caused by he failure." According to Fed Rule of Civil Procedure 26(f), "The development of discovery plans is not optional and is not dependent on the entry of a court order or a party's request. Rather, except in actions exempted by local rule or court order, parties must develop a proposed discovery plan in every civil action, which is expected to reflect the parties' views and proposals concerning."

    Moreover, Mr. Burchfiel lied in his case management statement on page 3, line 20 to 23 "The Plaintiff's failure to comply with the initial disclosure was brought to the court's attention at case management conference…." According to Rule 26, initial disclosure dues after Rule 26(f) meet and confer meeting. Since the Rule 26(f) meet and confer meeting hasn't happened yet, how can Plaintiff's initial disclosure been late. On or about the first week of May, Mr. Burchfiel communicated with plaintiff that according to Rule 26 she was late for initial

Case Management Statement      2

disclosure. Plaintiff was in the middle of final exams but patiently asked which rule 26. Mr. Burchfiel never answered her. Plaintiff stated to Mr. Burchfiel unless the law requires, she will not disclose anything early. After a couple of days, she received a letter from Mr. Burchfiel stated that he permitted her to delay initial disclosure…. Plaintiff tried to contact with Mr. Burchfiel, but he never got back to her regarding to this.

1. **Description of Jurisdictional Issues**

   No parties remain to be served in this lawsuit.

2. **Description of the Case**

   On or about November 3, 2006, Plaintiff Chin-Li Mou (hereinafter collectively referred to as "Plaintiff") was utilizing the San Jose Public Library Education Park Branch when she was confronted by the branch supervisor, Ms. Daisy Porter, and Plaintiff was asked to leave the premise. Immediately prior to Plaintiff's being asked to leave, a student from a nearby Independent high school had confronted Plaintiff in the library as Plaintiff had asked other students that were acting in a disruptive manner to please be a little quieter and considerate so others in the library could concentrate. The students were engaged in everything from arm wrestling to the playing of musical instruments. The Plaintiff had witnessed this type of conduct in the past at the San Jose Public Library Education Park Branch. The library staff would not enforce the normal rules for silence and respect for other patrons with these students. Plaintiff left the library without argument. Once outside, the Plaintiff was confronted by a female student from the Independent high school who then physically attacked her and the attacker was eventually pulled away by other students in the quickly assembled crowd. Plaintiff who is small in stature was bruised and shaken by the incident and feared for her life. Plaintiff immediately called 911 and when the San Jose police officers arrived, the Independent high school security sent the San Jose police officers away. They told them that there was in fact no problem and that they could leave without the necessity of taking any lengthy report.

On or about November 7, 2006 the attacker, the female student from the Independent high school again entered the San Jose Public Library Education Park Branch. Plaintiff feared for her safety and immediately called San Jose police officers. Upon their arrival, Ms. Daisy Porter, the branch supervisor, deliberately stated to the investigating officers that nothing had happened with the students from the Independent high school. When the officers concluded the questioning of Ms. Porter they returned to interview plaintiff. San Jose Police Officer Kimberly Hudson, Badge No. 2495 began to discuss the incident with Plaintiff. Her attitude was rude and disrespectful to Plaintiff and it seemed that Plaintiff became a victim a second time. The first statement from her was the students from Independent high school were born in this country and since Plaintiff was not fortunate enough to be born here Plaintiff's rights were subordinated to their rights. Plaintiff was further warned by San Jose Police Officer Kimberly Hudson, Badge No. 2495 that if she so much as talked to the Independent high school students that she would then and there be arrested even though it was the students that initiated the conversation and violence with her.

Plaintiff was further admonished by Ms. Carol Frost, a person of higher-level management with San Jose Martin Luther King Library, that I had to get permission from Ms. Porter before I could summon the police for help. Plaintiff was then banned by both librarians from using the public library system for a period of 6 months just for trying to protect herself by calling the police. Plaintiff hired an attorney and he was unable to have the library personnel voluntarily reverse the ban.

It is Plaintiff's contention that her Constitutional rights have been violated specifically but not limited to her First, Eighth and Fourteenth Amendment rights. These rights have been violated by the Defendants and Plaintiff has been damaged accordingly.

Defendants knew or should have known the high degree of embarrassment and public humiliation that Plaintiff was enduring as a result of Defendants' conduct.

Case Management Statement                                                                 4

Plaintiff suffered severe mental distress and was injured in her health as a direct result of Defendants' conduct. Plaintiff continues to suffer great mental, nervous, physical and emotional pain.

### 3. Description of Legal Issues Genuinely in Dispute

It is Plaintiff's contention that her Constitutional rights have been violated specifically but not limited to her First, Eighth and Fourteenth Amendment rights. These rights have been violated by the Defendants and that Plaintiff has been damaged accordingly.

### 4. Motions before Trial

There is no prior or pending motion pertaining to this lawsuit as of now. Plaintiff anticipates that there might be motions from both defendants and plaintiff in the future.

### 5. Initial Disclosure

Plaintiff had tried to schedule a meet and confer meeting according to Rule 26(f) with defendant attorney. But, he refused in a bad faith. According to Rule 26(f), initial disclosure dues after Rule 26(f) meet and confer meeting.

### 6. Discovery and Deposition

Defendants' deposition for plaintiff shall be limited to no more than 2 half-day sessions.

As aforementioned, due to defendant counsel's unwillingness to confer on discovery and deposition plan, Plaintiff will refer this matter to the Court.

### 7. Description of Relief Sought

Plaintiff prays for judgment as follows:

    a. For damages in the sum of $250,000.00 representing damages for her Constitutional rights violations;

    b. For medical expenses to date and for those anticipated in the future;

    c. For a public apology and retraction of all defamatory statements made by librarians Ms. Porter and Ms. Frost;

    d. For costs of suit incurred herein;

    e. For such other costs and further relief as the Court deems proper.

**8. Description of Settlement and ADR**

The parties have participated in an initial ENE telephone conference on June 16, 2008, starting at 10:00AM even though Mr. Herman mentioned a combination of mediation and ENE would be conducted. During the phone conversation, Plaintiff was ordered to produce evidences; however, city attorney Mr. Burchfiel was not asked to produce any evidences. Plaintiff was mistreated and thought the evaluator did not conduct the evaluation in a fair way. According to ADR Rule 5, both parties have to produce evidence. In addition, from the lists of thing to do for Plaintiff from evaluator were not even listed from ADR Rule 5. Plaintiff then addressed this issue in a letter, dated June 18, 2008, to the Court and requested Court to vacate this matter from ENE and refer this matter to mediation. Mr. Burchfiel made false statements in case management statement including but not limited to line 23 "the matter was assigned to ENE" and line 24, 25 "Due to the complaints and unwillingness of plaintiff Mou, the assignment to ENE was terminated and referred back to the court."

**9. Current Service List**

Communication is suggested by doing both postal mail and e-mail since postal mail could get lost in plaintiff's residential area.

Chin-Li Mou

4141 Boneso Circle

San Jose, CA 95134

Tel: (408) 954-8085

Email: cmou@hotmail.com

Case Management Statement      6

Dated: August 18, 2008

                                                                                */s/ Chin-Li Mou*

                                                                                Chin-Li Mou

                                                                                Plaintiff in pro se

Case Management Statement                                                                                             7

## AFFIDAVIT AND DECLARATION OF PROOF OF SERVICE

I am over the age of eighteen years and not a party to the within action. I am an individual, whose business address is: 1778 McCarthy Blvd., Milpitas, CA 95035. The documents which are the subject of this Proof of Service are:

## CASE MANAGEMENT STATEMENT

On the date listed below, I served the above documents in this action by placing ☐ the original ☒ true copy(ies) thereof enclosed in sealed envelope(s) addressed as follows:

Chin-Li Mou                             In Propria Persona
4141 Boneso Circle
San Jose, CA 95134
Phone: 408-954-8085
E-mail: cmou@hotmail.com

Robert Burchfiel                        Atty for Defendants
Office of the City Attorney
City of San Jose
200 East Santa Clara Street
Tel: 408-535-1938
E-mail: bob.burchfiel@sanjoscca.gov

☒ BY MAIL(C.C.P. §1013(a))—I deposited such envelope(s) for processing in the postal office drop box, with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of a party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

☒ BY E-MAIL – transmitted electronically to the e-mail addresses above.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on: May 30, 2008, at Milpitas, CA.

_____
Steven Yang

Case Management Statement                                                          8