RICHARD DOYLE, City Attorney (#88625)
NORA FRIMANN, Chief Trial Attorney (#93249)
ROBERT BURCHFIEL, Sr. Deputy City Attorney (#112318)
Office of the City Attorney
200 East Santa Clara Street
San José, California 95113-1905
Telephone Number: (408) 535-1900
Facsimile Number: (408) 998-3131
E-Mail Address: cao.main@sanjoseca.gov

Attorneys for Defendant, CITY OF SAN JOSE

UNITED STATES DISTRICT COURT

COUNTY OF SANTA CLARA

SAN JOSE DIVISION

| | |
|---|---|
| CHIN-LI MOU,<br><br>　　　　Plaintiff,<br><br>v.<br><br>CITY OF SAN JOSE, SAN JOSE PUBLIC LIBRARY EDUCATION PARK BRANCH,<br><br>　　　　Defendants. | Case Number: C07-05740 JF<br><br>**DECLARATION OF CAROL FROST IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**<br><br>Date:　　　August 28, 2009<br>Time:　　　9:00 a.m.<br>Courtroom:　3<br>Judge:　　　Jeremy Fogel |

I, Carol Frost, declare the following:

1. I am a Division Manager within the Administrative Office of the City of San Jose Public Library.

2. In 2006, I was classified as a Supervising Librarian which has since been amended to its current title of Division Manager for the San Jose Public Library.

3. Attached as Exhibit A to this Declaration is a true and correct copy of the Notice of Library Suspension issued to Karen Mou on November 1, 2006 which includes the Notice of Suspension, procedures to request a hearing, Appeal Request Form, Notice of Hearing, hearing determination letter and the Disruptive Behavior List which were all contained within the policies of the San Jose Public Library in 2006.

/ / / / /

- 1 -

DEC OF CAROL FROST ISO DEFENDANT'S MSJ　　　　　　　　　　　　　　CASE NO. C07-05740 JF
565741

Dockets.Justia.com

4. I reviewed incident reports prepared by Senior Librarian Daisy Porter dated October 27, 2006 and October 31, 2006 concerning the conduct of Ms. Mou. I also had several conversations with Daisy Porter concerning Ms. Mou's conduct.

5. Prior to the suspension of November 1, 2006, I personally spoke with Ms. Mou who told me that she had been advised by Ms. Porter not to contact the students about their noise level and Ms. Mou felt that Ms. Porter was discriminating against Ms. Mou because of her accent. Ms. Mou further told me that she wanted an apology from Ms. Porter at the library in front of certain students and wanted reassurances that she would not be discriminated against by Ms. Porter. Ms. Mou mentioned filing a lawsuit against Ms. Porter.

6. Based upon statements made by Ms. Mou and library staff along with the written incident reports of October 27, 2006 and October 31, 2006, I believed that Ms. Mou's continuing and escalating behavior was the cause of serious disruption and created a potential safety issue for both staff and patrons at the San Jose Public Library.

7. My job duties and responsibilities include the investigation and initiation of library privilege suspensions when warranted within the San Jose Public Library. I am the person who drafted and caused the issuance of the six-month suspension of Ms. Mou's library privileges as attached in Exhibit A.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed on July __/__, 2009, at San Jose, California.

_____
CAROL FROST

# EXHIBIT A

# SAN JOSE PUBLIC LIBRARY
# NOTICE OF LIBRARY SUSPENSION

## Part A

Name "Karen" Chin-Li Mou

Date of notice of Library suspension ___ November 1, 2006

**Your visitor privileges to all San Jose Public Libraries are suspended for a period of _Six Months.**

This means that you may not enter any San Jose Library from ____ November 1, 2006 to April 30, 2007. Your access to the San Jose Public Libraries will be restored on May 1, 2007.

Reason for suspension. Please describe the incident.

Over the past several weeks, the patron alleges that students in the Educational Park Branch have been noisy. Staff have spoken with the patron, and have asked her to not speak directly to the students when she is concerned about their noise level or behavior. It is the staff's responsibility to ensure that the library is a safe environment for all members of the public. When the patron directly confronts the students, they verbally respond to her, which can create a hostile environment for both the patron and the students.

Staff have asked her on several occasions to notify them if she is having a problem. On 10/27, library staff wrote an incident report of a specific case where the patron asked staff to 'stop a group of students from making noise.' She also mentioned that she had 'shushed' some patrons, and they cursed at her. When the staff member was writing up the report, she noticed that the patron in question was using a library card to access the Internet. When the patron was informed that she cannot use another person's card to access the Internet, staff report that she argued with the staff. At that point, she was asked to leave the library. Students followed her outside and taunted her. The police were called.

I spoke with the patron on 10/27 and on 10/30, and asked her to not return to the library until I have been able to visit the branch. ON 10/31, the patron returned to the Educational Park branch. She asked staff to discipline a group of students. Staff investigated, and determined no wrong-doing. The patron then proceeded to call both the Independent High School Security, and then San Jose Police, to report that the students were harassing her. Both IHS Security and SJPD determined there was no wrong-doing, and expressed to staff that the patron was engaging in 'nuisance calls' to them. The suggested we ban the patron from the library because of her disruptive behavior.

This patron has a long history of abusing privileges and creating disturbances at other libraries in the San Jose Public Library system, including initiating arguments with staff, using the Library card of another family member to extend her time at a computer station and in a music listening room. She was trespassed for one day from the King Library on September 14, 2004 and yet returned the same day demanding to see the librarian who had asked Security for assistance. She was ultimately

suspension/4P

**SJ0018**

charged on that day with violations of 415 PC Disorderly Conduct, 148(a)(1) PC Obstruction of a Police Officer, and 602.1(b) PC Interfering with a Public Agency and Refusing to Leave.

On February 7, 2005, she was further charged with 148.9 PC Providing False Information to a Peace Officer. Again, on February 23, 2005, Ms. Mou was charge with 602.1 PC Interference with Business. Finally, Ms. Mou and her husband, Richard Yang, have often been admonished for loud and disruptive arguing in the Library, and potential domestic violence.

### You have the right to a hearing.

You may request a hearing to challenge this suspension. Your suspension will be withdrawn if a hearing officer determines that you did not engage in the behaviors listed on this form and that this suspension is unwarranted. To request a hearing, follow the directions below and complete and submit Part B of this form within five (5) working days.

suspension/4P

**SJ0019**

## Procedures to request a hearing:

### Complete and return Part B, attached.

If you would like a hearing, you must complete and return Part B of this form within 5 working days of the date of the notice of suspension listed above. Working days are defined as those days in which the library is open for business for any part of the day. You must return this form to the library that issued this suspension. The library must actually receive this within 5 working days; postmarks will not apply.

### Hearing Date:

Once you have returned Part B of this form, the library will send you a notice that will provide you with the hearing date, time and location. This notice will be mailed to you within five (5) days of the time the library receives your request for a hearing. If you do not have an address, you must return to the suspending library in five (5) days to pick up your notice of hearing date, time and place.

### Hearing Procedure:

When you arrive for your hearing you will be provided the opportunity to present evidence or reasons why this suspension should be withdrawn. Suspensions will be withdrawn if the hearing officer determines by a preponderance of the evidence that you did not engage in the behavior listed above under "Reason for Suspension," and that this suspension is unwarranted. A parent or guardian must accompany a minor (under the age of 18) to the hearing.

### Hearing Determination:

At the conclusion of the hearing, the hearing officer will verbally tell you whether the suspension will be withdrawn. The hearing officer will tell you the factual reasons for his or her decision. Within five (5) days of the date of your hearing, the hearing officer will mail you a hearing determination that will reiterate what you were told at the hearing. If you do not have a mailing address, you may return to the suspending library after five (5) days to pick up a copy of the hearing determination. The hearing determination will include findings of fact in support of the decision. The hearing officer's decision is final.

Copies:

    Supervising Librarian      Public Safety      Branch or Unit

    Other_____

suspension/4P

**SJ0020**

# SAN JOSE PUBLIC LIBRARY
# NOTICE OF LIBRARY SUSPENSION

## PART B

Yes, I want to appeal this suspension.

Name: _____

Address: _____

Telephone: _____

Reason for Appeal (Optional):

Issued by _____ Branch/Unit

(Return this form to the library issuing the suspension.)

122605

suspension/4P

**SJ0021**

# SAN JOSE PUBLIC LIBRARY

## NOTICE OF HEARING - LIBRARY SUSPENSION

Date: _____

Time: _____

Location:

A parent or guardian must accompany a minor (under the age of 18) to the hearing.

suspension/4P

# FORM HEARING DETERMINATION LETTER

On _____, a hearing was held whereby you appealed your Library suspension. Present at the hearing were _____, on behalf of the Library, and _____, on behalf of the appellant. Pursuant to this hearing, the hearing officer has made the following finding of facts:

(Include a synopsis of the events that resulted in this suspension).

Accordingly, the hearing officer has determined that your suspension is (or is not) warranted. Your suspension will remain in effect until _____. After that date your Library privileges will be restored. (or Effective immediately your suspension is withdrawn, and your Library privileges are restored.)

This decision is final. The time within which judicial review must be sought is governed by the California Code of Civil Procedure, section 1094.6.

120558

suspension/4P

SJ0023

## DISRUPTIVE BEHAVIOR LIST

1. No person shall sleep in the library facilities.

2. No person shall leave food or drink residue, or otherwise create a custodial problem when eating or drinking in the library facilities.

3. No person shall utilize library electronic equipment in excess of the posted time limits.

4. No person shall smoke tobacco or any other substance within the library facilities.

5. No person shall utilize the library facilities for bathing, washing clothes, utensils, or other items, or preparing food.

6. No person shall enter or remain in library facilities when it is not open to the public unless authorized by the Library staff to do so.

7. No person shall obstruct library entrances, exits, aisles, or other areas in any manner that impedes or restricts public access. This restriction shall not apply to authorized City staff or other authorized persons performing maintenance, repair, or other required business activities.

8. No person shall bring any bicycle, unicycle, tricycle or other wheeled conveyance into library facilities, or leave such conveyances at the entry or exit areas in a manner that blocks ingress or egress. This regulation shall not apply to wheelchairs, other medical devices, strollers or other similar conveyances, provided they are utilized or left in a manner that does not restrict public access.

9. No person shall bring any animal into the libraries other than service animals assisting individuals with disabilities, animals under the control of a peace officer, or as authorized by City staff.

10. No person shall camp in library facilities, or on library grounds. Camping means the use of library property for living or accommodation purposes.

11. No person shall engage in riding skateboards, roller skates, and/or roller blades or running in library facilities or on library grounds.

12. No person shall engage in loud or boisterous conduct in the library facilities or on the library grounds, so as to unreasonably interfere with the use of the facilities by patrons or City staff.

13. No person shall use sound generating or amplifying devices within the library facilities or on the library grounds, in any manner that unreasonably interferes with the use of library services by patrons or City staff. Sound generating or amplifying devices employed by City staff or other authorized persons are exempt from this regulation.

14. No person shall engage in threatening or intimidating language or behavior directed at library patrons or City staff on library premises or grounds.

suspension/4P

15. No person shall enter or remain within the library facilities while emitting odors (including bodily odors, perfumes, colognes, etc.) which unreasonably interfere with the use of library services by other patrons or City staff.

16. No person shall engage in any criminal activities, or other activities, which unreasonably interferes with another person's use of the library, or unreasonably interferes with the ability of a member of the library staff to perform his or her job.

17. No person shall leave packages, handbags, laptop computers, or any kind of luggage unattended in the Library.

suspension/4P

**SJ0025**