Thomas R. Hogan, Esq.
Hogan Holmes and Usoz LLP
333 West Santa Clara Street, Suite 800
San Jose, CA 95113
Telephone: (408) 292-7600
Fax: (408) 292-7611

Attorney for Plaintiff, Chin-Li Mou

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CHIN-LI MOU,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF SAN JOSE, SAN JOSE PUBLIC LIBRARY EDUCATION PARK BRANCH,<br><br>Defendants. | Case Number: C07-05740 JF<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT'S SUMMARY JUDGMENT MOTIONS**<br><br>Date:      August 28, 2009<br>Time:      9:00 a.m.<br>Courtroom: 3<br>Judge:     Jeremy Fogel |

Plaintiff Chin-Li Mou, aka "Karen" Mou, is a U.S. citizen, a resident of San Jose, California and, at all relevant times, a student seeking to advance her employment opportunities in a challenging economy. Ms. Mou sought to make use of the public library, owned and operated by the defendant, City of San Jose ( hereinafter "City"). Ms. Mou expected the library to in fact be operated as a library and that relative silence or at least reasonable quietude would prevail. She certainly did not expect the library to be operated as a playground for boisterous high school students.

When students from the local high school engaged in horse-play and loud frolicking while in the library, Ms. Mou understandably sought to quiet them by urging them to stop their disruptive conduct. Library officials from the outset made Ms. Mou the culprit, the one causing disturbances and, ultimately, the one prevented from using the library at all. Ms. Mou is from Taiwan, she is diminutive and speaks with a distinct accent. Although she was threatened by students, put in fear for her safety, she was denied any assistance. Instead, the library staff and the police that were called for assistance, consistently offered pretextual reasons why any wrongful conduct was that of Ms. Mou and she alone bore responsibility for her being excluded from library usage..

I.   FACTUAL HISTORY

In her November 13, 2007 COMPLAINT FOR VIOLATION OF CIVIL RIGHTS, FIRST, EIGHTH AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION, Plaintiff Chin-Li Mou, appearing *pro se*, alleged discriminatory conduct on the part of employees of the San Jose Public Library. Generally, Ms. Mou asserted that, because of her ethnic background, she was the victim of callous disregard of her right to utilize the public library, her free speech rights and of a refusal to protect her from threats to her personal safety and a disregard of her rights to the use of library facilities.

Ms. Mou has a history with the City public library. She is a regular user of library services. It is where she studies, does research and pursues her educational goals. It is integral to her life and her pursuit of her career goals.

Ms. Mou is has a Master's degree in Computer Systems and has worked for Cisco Systems and other technology companies in Silicon Valley.

In November, 2006, Ms. Mou was confronted by a San Jose Public Library branch supervisor, who directed her to leave the premises. Her alleged crime was that she used, for a short few minutes, her former husband's library card to access the library computer instead of her own. Immediately prior to this event, a confrontation occurred between Ms. Mou and local high school students whose behavior was beyond inappropriate for a library. The behavior included arm wrestling, playing of musical instruments and similar disruptive activity.

Although Ms. Mou sought assistance from the City library staff in enforcing normal rules for silence and respect for library patrons, these requests were ignored. When Ms. Mou was confronted, outside the library, by a local high school student who threatened her and physically attacked her, Ms. Mou's requests for assistance and protection were ignored and her complaints were belittled. It was made very clear to her that as she had not been born in this country, she needed to understand that her rights were subordinate to those who were born in this country.

Ms. Mou filed her action *pro se* on November 13, 2007.

Pursuant to appointment by this Court, the undersigned filed a Notice of Appearance of Pro Bono Counsel on November 24, 2008.

II. LEGAL ARGUMENT

1. Plaintiff Presents Sufficient Evidence to Support a Section 1983 Action

Simply put, Defendant asserts that the various library officials involved were enforcing library rules and that it was Ms. Mou who engaged in "loud or boisterous conduct" interfering with use of the library by others. Ms. Mou asserts that high school students were engaging in disruptive conduct, that she asked them to be quiet, that these students became angry and that she was forced to leave the library as a direct result of this conduct. Her requests for assistance from these library officials was met with

accusations that she was the troublemaker, was violating library rules and ultimately her library privileges were removed.

Section 1983 provides in part:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State...subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress...

42 U.S.C. §1983.

There are two essential elements to action: (1) the conduct complained of was committed by a person acting under color of state law; and (2) this conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States. *Parratt v. Taylor,* 451 U.S. 257, 535, 101 S. Ct. 1908, 68 L.Ed.2d 420 (1981) (overruled on other grounds, *Daniels v. Williams,* 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986)).

Ms. Mou contends, with supporting admissible evidence to support her contention, that she was excluded from the library due to her ethnic background. This is violative of Title III of the Civil Rights Act of 1964. She also proffers evidence that library officials violated her First Amendment right of free speech by preventing her from addressing students who were loud and boisterous in an effort to bring quiet to the library.

In the *Galiano* case, cited by Defendant in the moving papers, a similar fact situation was presented. There, the library claimed that there was a policy that patrons should address problems with other patrons to library staff. Plaintiff there asserted the free speech right to address other patrons himself. Here, the library staff simply determined that it was Ms. Mou who was the troublemaker, not the students. This determination, it is asserted, was based upon Ms. Mou's ethnic background.

2. Freedom of Speech

Unlike *Galiano*, there is no rule here, official or otherwise, requiring library patrons who are being disturbed by the conduct of other patrons to address those concerns only to library staff. Here the question was simply who was engaging in "loud or boisterous conduct" and while the library staff ordinarily must make that judgment, they are prohibited from doing so when their decision is based on the ethnicity of an individual, in this case Ms. Mou.

## CONCLUSION

Plaintiff respectfully requests that Defendant's summary judgment motions be denied.

Dated: August 10, 2009

_____
Thomas R. Hogan
Attorney for Plaintiff, Chin- Li Mou

# PROOF OF SERVICE

CASE NAME:   Mou v. City of San Jose, et al.

CASE NO.:   C07-05740 RS

I, the undersigned declare as follows:

I am a citizen of the United States, over 18 years of age, employed in Santa Clara County, and not a party to the within action. My business address is 200 East Santa Clara Street, San Jose, California 95113-1905, and is located in the county where the service described below occurred.

On August 10, 2009 I caused to be served the within:
**PLAINTIFF'S OPPOSITION TO DEFENDANT'S SUMMARY JUDGMENT MOTIONS**

☒   by MAIL, with a copy of this declaration, by depositing them into a sealed envelope, with postage fully prepaid, and causing the envelope to be deposited for collection and mailing on the date indicated above.

I further declare that I am readily familiar with the business' practice for collection and processing of correspondence for mailing with the United States Postal Service. Said correspondence would be deposited with the United States Postal Service that same day in the ordinary course of business.

☒   by E-MAIL.

Addressed as follows:

Ms. Chin-Li Mou
4141 Boneso Circle
San Jose, CA 95134
Phone Number: (408) 954-8085
E-Mail: cmou@hotmail.com

*In Propria Persona*

Robert Burchfiel
Office of the City Attorney
City of San Jose
200 East Santa Clara Street
Tel: (408) 535-1938
Email: bob.burchfiel@sanjoseca.gov

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on August 20, 2009, at San Jose, California.

Jenelle Mezzetti