1  RICHARD DOYLE, City Attorney (#88625)
   NORA FRIMANN, Chief Trial Attorney (#93249)
2  ROBERT BURCHFIEL, Sr. Deputy City Attorney (#112318)
   Office of the City Attorney
3  200 East Santa Clara Street
   San José, California  95113-1905
4  Telephone Number: (408) 535-1900
   Facsimile Number:  (408) 998-3131
5  E-Mail Address:  cao.main@sanjoseca.gov

6  Attorneys for Defendant, CITY OF SAN JOSE

                    UNITED STATES DISTRICT COURT

             NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| CHIN-LI MOU,<br><br>          Plaintiff,<br><br>          v.<br><br>CITY OF SAN JOSE, SAN JOSE PUBLIC LIBRARY EDUCATION PARK BRANCH,<br><br>          Defendants. | Case Number: C07-05740 JF<br><br>**DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S SUMMARY JUDGMENT MOTION**<br><br>Date:        August 28, 2009<br>Time:       9:00 a.m.<br>Courtroom:  3<br>Judge:      Jeremy Fogel |
|---|---|

For the very first time, with the benefit of counsel, Plaintiff Mou has helped identify the true elements of her claims.

> Ms. Mou contends, with supporting admissible evidence to support her contention, that she was excluded from the library due to her ethic background.  This is violative of Title III of the Civil Rights Act of 1964.  She also proffers evidence that library officials violated her First Amendment right of free speech by preventing her from addressing students who were loud and boisterous in an effort to bring quiet to the library.  Plaintiff's Opposition, 3:12-15.

### I.  ASHCROFT V. IQBAL

The Supreme Court of the United States has recently addressed the issue of pleading requirements which aide in the evaluation of Ms. Mou's ambiguous and unsubstantiated claims of discrimination.

- 1 -

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, excepted as true, to 'stated claim to relief that is plausible on its face.' A claim has factual plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not a kin to a 'probability requirement,' but it asks for more than sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short' of the line between possibility and plausibility of 'entitlement to relief.' *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 173 Lawyer's Ed.2d. 868 (2009).

Defendant City of San Jose believes that the Supreme Court is addressing a standard of pleading that is a lower standard than that of review for summary judgment under FRCP 56(e). As the Court reviews Plaintiff's initial Complaint and Opposition to Summary Judgment, it is extremely evident that Ms. Mou is totally basing her claims on unsupported factual allegations and conclusions. Ms. Mou received Defendant City's Initial Disclosure pursuant to FRCP 26 in May 2008. In over 15 months, Ms. Mou has been unable to establish any factual evidence to substantiate any of her fabricated claims. Discovery has been closed by the Court's prior Scheduling Order and jury trial is scheduled for October 23, 2009.

## II. **MUNICIPAL LIABILITY**

Plaintiff has failed to address Defendant's initial argument that the only Defendant in this case is the City of San Jose and Plaintiff has failed to articulate or establish the basis for any municipal liability under 42 U.S.C. § 1983.

## III. **FREEDOM OF SPEECH**

Plaintiff has presented no evidence or argument to distinguish the pertinent facts in *Galiano v. Institute of Governmental Studies at University of California, Berkeley* (2008) WL 4155594 (N.D.Cal.) The Court's analysis in that case fits precisely within the parameters of the facts alleged in this matter. The only additional allegation being made in the case by Ms. Mou is that the instructions by library staff that she not contact directly other library patrons is the claim that Ms. Mou was targeted because of her "ethnicity." Plaintiff's Opposition, 3:24.

/ / / / /

## IV. EQUAL PROTECTION

Here too, Plaintiff Mou has failed to plead or present any substantive admissible evidence which would support the "plausibility" of any entitlement for relief. "Plaintiff must plead and prove that the defendant acted with discriminatory purpose. Purposeful discrimination requires a decision-maker's undertaking a course of action 'because of', not merely 'in spite of', the action's adverse effect upon an individual group. To state a claim, plaintiff must plead sufficient factual matter to show that Defendant took actions not for a neutral investigative reason, but for the purpose of discriminating on account of race, religion, or national origin." *Iqbal* at 1948-49.

## V. DUE PROCESS

Plaintiff has made no allegations nor presented any evidence to advance any claim of a violation of her due process rights and therefore Defendant City relies on their initial pleading and arguments on that matter.

## VI. CONCLUSION

Defendant City believes that there is absolutely no basis for municipal liability against the sole Defendant City of San Jose.

Even if the Court were to expand beyond that single determination which would result in complete summary judgment on the issue of municipal liability, the individual claims by Plaintiff Mou of violating her freedom of speech and equal protection would also fail. There are no material issues of fact in dispute except for those unsupported conclusionary statements of discrimination by Plaintiff Mou. Unfortunately, Ms. Mou has, by her own actions and conduct, continued to bring about the unnecessary expenditures of public resources to address her ongoing belief that "I (she) don't believe that they are

/ / / / /
/ / / / /
/ / / / /
/ / / / /
/ / / / /

- 3 -

entitled to tell me what to do or how to behave." Mou Deposition, attached to Burchfiel Declaration, Exhibit A at p. 38. It is past due to bring this matter to a legal and equitable conclusion by having the Court grant Defendant City's summary judgment.

Respectfully submitted,

Dated: August 17, 2009

RICHARD DOYLE, City Attorney

By: _____
ROBERT BURCHFIEL
Sr. Deputy City Attorney

Attorneys for Defendant,
CITY OF SAN JOSE