**E-Filed 9/29/09**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| CHIN-LI MOU, | Case Number C 07-5740 JF (RS) |
|---|---|
| Plaintiff, | ORDER GRANTING MOTION FOR SUMMARY JUDGMENT |
| v. | |
| CITY OF SAN JOSE, et al., | |
| Defendants. | |

Plaintiff Chin-Li Mou ("Plaintiff") brings the instant action pursuant to 42 U.S.C. § 1983, alleging that Defendants City of San Jose and the San Jose Public Library, a department of the City of San Jose, (collectively "Defendants" or "City") violated her rights under the First, Eighth, and Fourteenth Amendments to the U.S. Constitution. Defendants move for summary judgment. For the reasons discussed below, the motion will be granted.

## I. BACKGROUND

Plaintiff was born in Taiwan in 1962 and came to the United States in 1988. She became a United States citizen in 1998 and has been a resident of San Jose, California since 1990. In the fall of 2006, Plaintiff was a frequent visitor to the Educational Park Branch of the San Jose Public Library ("the library"), which is located on the campus of Independence High School in San Jose. Plaintiff uses public libraries to study, research, and pursue her educational goals.

Case No. C 07-5740 JF (RS)
ORDER GRANTING MOTION FOR SUMMARY JUDGMENT
(JFLC3)

The following facts are undisputed unless otherwise noted. On or about October 27 and 31, 2006,[1] Plaintiff was involved in several incidents at the library. On October 27, Plaintiff complained to Daisy Porter, who then served as the library's Senior Librarian, that a group of students was making noise and behaving inappropriately. Porter did not believe that the students were acting inappropriately and declined to discipline them. Porter explained to Plaintiff that it is difficult for library staff to keep the noise level down during after-school hours because of the high volume of patrons who use the library during those hours. Plaintiff then told Porter that she had "shushed" the students and that the students had responded by cursing at her and telling her to leave the library. Porter acknowledged that such behavior on the students' part was unacceptable, but she asked Plaintiff to advise her or another staff member if Plaintiff felt that other library patrons were breaking the rules rather than trying to enforce the rules herself. Plaintiff responded by claiming that Porter was denying Plaintiff her right to free speech and that Porter could not tell Plaintiff what to do or how to behave. Plaintiff continued to complain about the environment at the library and threatened to call Porter's superiors and the police to complain about Porter and conditions at the library.

Porter left Plaintiff and began to write an incident report. At that point, she realized she did not know Plaintiff's name. Porter tried to determine Plaintiff's identity by locating the name that Plaintiff had used to access one of the library's public computers. When Porter saw that Plaintiff had logged on using the name of a male patron, Porter confronted Plaintiff and informed her that she was not allowed to use another person's library card for computer access. Plaintiff claimed that Porter was discriminating against her and should check everyone else's library card as well. Porter responded by asking Plaintiff to leave the library.

As she was leaving the library, Plaintiff was confronted by several of the students who earlier had negative interactions with her. The students gathered around Plaintiff at the pay

---

[1] Although Plaintiff alleges that the incidents in question occurred on November 3 and 7, 2006, Defendants' records, which contain accounts that align with Plaintiff's in all material respects, bear the dates October 27 and 31, 2006. In any event, the accuracy of the dates does not affect the disposition of the instant motion.

2

Case No. C 07-5740 JF (RS)
ORDER GRANTING MOTION FOR SUMMARY JUDGMENT
(JFLC3)

phone outside the library, and one student attacked Plaintiff physically. Porter called the high school security officers, and Plaintiff called 911 at approximately the same time. The security officers arrived first and dispersed the group of students. When San Jose police officers arrived, the security officers sent them away, telling them that the situation was under control.

Plaintiff returned to the library late in the morning of October 31. Plaintiff immediately asked Porter to discipline a group of students who Plaintiff claimed were harassing her. Porter did not believe that the students were harassing Plaintiff and declined to discipline them, at which point Plaintiff called the high school security officers. The security officers came, but they left after they determined that the students had not done anything inappropriate.

Later in the day, while Plaintiff was still at the library, one of the female students that had confronted Plaintiff on October 27 returned to the library. In fear for her safety, Plaintiff immediately called the San Jose Police Department. Two uniformed officers came to the library and told Porter that Plaintiff had called them to report harassment by two girls. Porter told the officers that nothing had happened between Plaintiff and the girls. The officers interviewed the two girls and then spoke with Plaintiff. According to Plaintiff, the officers' first statement to Plaintiff was that the students were born in this country and that because Plaintiff was not her rights would be subordinated to theirs. The officers then left the library.

Plaintiff spoke to Carol Frost, Supervising Librarian for the San Jose Public Library. Plaintiff told Frost that Porter had asked Plaintiff not to speak directly to the students about noise but to make her complaints directly to library staff. Plaintiff also said that she felt Porter was discriminating against her because of her accent and that she wanted a public apology from Porter and reassurances that she would not be discriminated against in the future. Frost told Plaintiff that Plaintiff needed to get permission from staff before calling the police regarding incidents at the library.

As a result of the October 27 and 31 incidents and her subsequent conversation with Plaintiff, Frost suspended Plaintiff from using any San Jose Public Library for six months. Plaintiff received notice of the suspension on November 1, 2006. Pursuant to library policy, Plaintiff was given an opportunity to appeal her suspension, which she did. A hearing was held

3

on Janurary 4, 2007, and Plaintiff was represented by an attorney, Jeffrey Kallis.  Following the hearing, Ned Himmel, Assistant Library Director for the library, reduced the suspension to four months.  Himmel notified Plaintiff of his decision by a letter dated January 18, 2007.  Plaintiff filed the complaint in this action on November 13, 2007.  The City filed the instant motion on July 17, 2009, and the Court heard oral argument on September 25, 2009.

## II. LEGAL STANDARD

Summary judgment is appropriate when there are no genuine and disputed issues of material fact and the moving party is entitled to prevail as a matter of law.  Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).  The Court must view the evidence in the light most favorable to the non-moving party, and all reasonable inferences must be drawn in favor of that party.  *Torres v. City of Los Angeles*, 540 F.3d 1031, 1039-40 (9th Cir. 2008).  The moving party bears the burden of showing that there is no material factual dispute.  Therefore, the court must regard as true the opposing party's evidence, if supported by affidavits or other evidentiary material.  *Celotex*, 477 U.S. at 324.

## III. DISCUSSION

A.     **Failure to Establish Municipal Liability**

The City moves for summary judgment on the ground that it cannot be held liable under 42 U.S. C. § 1983 because Plaintiff has not established a legal basis for municipal liability.  Municipalities "may be liable under § 1983 when the allegedly unconstitutional act stems from a municipal policy, decision or custom."  *Del Conte v. San Francisco Police Dep't*, 2009 WL 2871052 *2 (N.D. Cal. Sept. 1, 2009) (citing *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690-91 (1978)).  While recognizing that Plaintiff bases her Section 1983 claim upon the doctrine of *respondeat superior*, the City observes correctly that:

> a city can be liable for the acts of an individual employee under three theories: (1) if the employee was "acting pursuant to official city policy;" (2) "if an employee commits a constitutional violation pursuant to a long-standing practice or custom;" or (3) if "the person causing the violation has final policymaking authority."

*Id.* (citing *Webb v. Sloan*, 330 F.3d 1158, 1163-64 (9th Cir.2003)).

Here, Plaintiff alleges that her rights were violated by library staff–all of whom are City

1  employees–when they determined that she was violating library rules not on the basis of facts but
2  because of her ethnicity.  Were any of the individuals in question defendants in their individual
3  capacities, the Court likely would conclude that Plaintiff is entitled to proceed to trial, as many of
4  the facts of the underlying incidents are disputed.  However, as noted above, Plaintiff has brought
5  suit only against the City itself, and she has identified no evidence supporting any of the three
6  possible theories of municipal liability.  Indeed, Plaintiff's counsel acknowledged during oral
7  argument that no such evidence exists.
8        Accordingly, even if individual members of the library staff did discriminate against
9  Plaintiff, an issue to which the Court expresses no opinion, the City is entitled to summary
10 judgment because there was no evidence that the conduct at issue was the result of an
11 unconstitutional City policy, decision, or custom.  There being no issue of material fact as to this
12 dispositive issue, the City is entitled to judgment as a matter of law.

### IV. CONCLUSION

14 For the foregoing reasons, Defendants' motion is granted.  The Court shall enter
15 judgment and close the file.  All pending dates are vacated.
16      IT IS SO ORDERED.

18 DATED: 9/29/09

_____
JEREMY FOGEL
United States District Judge

Copies of Order served on:

Robert Baker Burchfiel    CAO.Main@sanjoseca.gov

Thomas R. Hogan    trh@hoganlaw.com, lholmes@hoganlaw.com, mvb@hoganlaw.com

6

Case No. C 07-5740 JF (RS)
ORDER GRANTING MOTION FOR SUMMARY JUDGMENT
(JFLC3)