| | |
|---|---|
| 1 | G. HOPKINS GUY, III (State Bar No. 124811) |
| 2 | I. NEEL CHATTERJEE (State Bar No. 173985) |
|   | MONTE COOPER (State Bar No. 196746) |
| 3 | THERESA A. SUTTON (State Bar No. 211857) |
|   | ORRICK, HERRINGTON & SUTCLIFFE LLP |
| 4 | 1000 Marsh Road |
|   | Menlo Park, CA  94025 |
| 5 | Telephone:   650-614-7400 |
|   | Facsimile:    650-614-7401 |
| 6 | Attorneys for Plaintiff |
| 7 | THE FACEBOOK, INC. |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FACEBOOK, INC., | Case No.  5:07-CV-01389-RS |
| Plaintiff, | **DECLARATION OF THERESA A. SUTTON IN SUPPORT OF FACEBOOK INC.'S REPLY MEMORANDUM IN SUPPORT OF MOTION FOR EXPEDITED DISCOVERY RE: PERSONAL JURISDICTION** |
| v. | |
| CONNECTU, LLC; PACIFIC NORTHWEST SOFTWARE; AND WINSTON WILLIAMS, | |
| Defendants. | Date:      May 16, 2007 |
| | Time:      9:30 A.M. |
| | Judge:     Honorable Richard Seeborg |

I, Theresa Sutton, declare:

1. I am an attorney with the law firm of Orrick, Herrington & Sutcliffe LLP, counsel for Plaintiff Facebook, Inc. in the above captioned case. I am an active member in good standing of the California State Bar, and I am admitted to appear before this Court.

2. I make this declaration based upon my own personal knowledge and knowledge of the documents in this case. If called as a witness, I could and would competently testify to the facts stated herein.

3. Attached hereto as **Exhibit A** is a true and correct copy of the Declaration of John Taves in Support of Motion to Dismiss for Lack of Personal Jurisdiction to Fed. R.Civ. P. 12(B)(2).

4. Attached hereto as **Exhibit B** is a true and correct copy of the Declaration of Winston Williams in Support of Motion to Dismiss for Lack of Personal Jurisdiction to Fed. R.Civ. P. 12(B)(2).

5. Attached hereto as **Exhibit C** is a true and correct copy of Pacific Northwest Software Press Release regarding its contract the Chula Vista Elementary School District located in California, dated July 26, 2005.

6. Attached hereto as **Exhibit D** is a true and correct copy of the relevant deposition testimony of ConnectU, by Cameron Winkelovss, taken in the United States District of Massachusetts, No. 1:04-cv-11923 (DPW) on August 9, 2005.

7. Attached hereto as **Exhibit E** is a true and correct copy of the relevant deposition testimony of ConnectU LLC, by Cameron Winklevoss, taken in the California state action, Case No. 1 05 CV 0473281 on January 16, 2006. **[DOCUMENT SUBMITTED UNDER SEAL].**

8. Attached hereto as **Exhibit F** is a true and correct copy of the Order Granting Facebook, Inc.'s Ex Parte Application to Reschedule the November 17, 2005 Hearing in Regards to Defendants' Motion to Quash [so that Plaintiff …may take discovery related to jurisdiction] in the California State Action, Case No. 1 05 CV 0473281 on November 3, 2005.

9. Attached hereto as **Exhibit G** is a true and correct copy of Facebook's First Set of Special Interrogatories to Cameron Winklevoss in the California State Action, Case No. 1 05 CV

1  0473281, served November 3, 2005.

2      10.    Attached hereto as **Exhibit H** is a true and correct copy of ConnectU's Motion for Sanctions in the California State Action, Case No. 1 05 CV 0473281 filed on January 16, 2006. **[DOCUMENT SUBMITTED UNDER SEAL]**

    11.    Attached hereto as **Exhibit I** is a true and correct copy of the relevant deposition testimony of Pacific Northwest Software by John Taves, taken in the California state action, Case No. 1 05 CV 0473281 on January 29, 2007.  **[DOCUMENT SUBMITTED UNDER SEAL].**

    12.    Facebook has requested the depositions of Defendant Winston Williams, Wayne Chang (a current employee of PNS with material knowledge regarding PNS's and Mr. Williams' involvement with ConnectU and their actions against Facebook), David Gucwa (a person with material knowledge regarding PNS's and Mr. Williams' involvement with ConnectU and their actions against Facebook), Defendant Pacific Northwest Software, and Defendant ConnectU, to last no more than four hours each for the limited purpose of discovery regarding Mr. Williams' and PNS's contacts with California.

    13.    In addition, Facebook seeks to propound jurisdictional discovery through five interrogatory questions, and five requests for production of documents to each of the Defendants.

    14.    Defendants countered insisting that the Facebook ask all questions, jurisdictional and substantive, at these proposed depositions so as to conduct them "efficiently" and any further depositions would only be allowed for what they determined to be "good cause."

    15.     On April 23, 2007, my colleague, Yvonne Greer, and I met and conferred with Scott Mosko, counsel for defendants, on the issue of jurisdictional discovery regarding PNS and Mr. Williams.

    16.    On that call Mr. Mosko indicated that he had responsive documents to produce from PNS.  He also indicated that he believed relevant documents from Mr. Chang were included in that production but would confirm that and let me know.  He did not indicate when PNS would produce the documents, and he has not informed me of the outcome of his investigation on this issue.

    17.    I also told Mr. Mosko that ConnectU had previously failed to produce any

1  software code related to the applications that ConnectU, PNS and Mr. Williams created and used
2  to obtain Facebook's protected data.
3      18.    Mr. Mosko said that he did not believe ConnectU had any such code, that Mr.
4  Chang would have had that code, but that he would verify this information and let me know what
5  he learned.  The code has not been produced, and Mr. Mosko has not informed me of the outcome
6  of his investigation on this matter.
7      19.    Just prior to the removal of this case to the District of California, Honorable Judge
8  Socrates P. Manoukian of the Santa Clara Superior Court granted Facebook's Motion to Compel
9  certain documents, including but not limited to, documents specifically related to Facebook's
10 claims and affirmative defenses at issue in this litigation.
11     20.    Attached hereto as **Exhibit J** is a true and correct copy of Judge Manoukian's
12 Order Granting Facebook's Motion to Compel in the California State Action, Case No. 1 05 CV
13 0473281 on March 16, 2007.
14     21.    While Mr. Mosko indicated that he did not believe that the Order was binding in
15 the federal action, he indicated that he would go back to review the Order for reconsideration.
16     22.    As of the filing of this reply, Mr. Mosko has not produced the additional PNS
17 documents and has not followed up with the production of any documents related to the software
18 code, or any conclusions regarding his review of Judge Manoukian's Order on Facebook's
19 motion to compel.
20     23.    Facebook noticed several depositions to occur in late-March and early-April,
21 including that of Mr. Gucwa and Mr. Chang.  Mr. Chang, who is represented by the same firm as
22 ConnectU, refused to appear for deposition or produce documents.  Mr. Gucwa produced
23 documents and initially agreed to appear.  Mr. Mosko indicated that the depositions should not go
24 forward because the case had been removed to federal court and the deposition subpoenae were
25 issued from state court.  I explained that two of the witnesses, including Mr. Gucwa, volunteered
26 to appear.  Two days before Mr. Gucwa's deposition was set to begin, I received an email from
27 Mr. Gucwa saying that "something has come up" and he was in the process of retaining a lawyer.
28 He then wrote that he would not be appearing for his deposition.  Later that day I received a letter

from the same Finnegan attorney who represents Mr. Chang saying that Finnegan represents Mr. Gucwa.  In short, the third party depositions noticed in this action did not occur because the parties, at the advice of Defendants' counsel, refused to appear for the depositionss.

24. Attached hereto as **Exhibit K** are true and correct copies of correspondence regarding the depositions of Wayne Chang, David Gucwa, and Ruthann DeGutis.

25. A further deposition of PNS was being scheduled by the attorneys to remedy this lack of knowledge by Taves at the point when the Defendants removed the action.

26. Attached hereto as **Exhibit L** is a true and correct copy of email correspondence between Theresa Sutton and Scott Mosko, dated February 21, 2007.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.  Executed this 2nd day of May, 2007 at Menlo Park, California.

/s/ Theresa Sutton /s/
Theresa Sutton

- 5 -

DECL OF THERESA SUTTON ISO REPLY BRIEF ISO
MOTION FOR EXPEDITED DISCOVERY
5:07-CV-01389-RS