**EXHIBIT J**

| | |
|---|---|
| **SUPERIOR COURT, STATE OF CALIFORNIA COUNTY OF SANTA CLARA** <br> **DEPARTMENT 7** <br> 191 North First Street, San Jose, CA 95113 <br> 408.882.2170 · 408.882.2193 (fax) <br> civildiscoverytentatives@scscourt.org <br> http://www.sccsuperiorcourt.org | [For clerk's use only] |

Click here to contest this tentative ruling by email

FACEBOOK v. CONNECTU                          Case No.: 1-05-CV-047381
Date: 16 March 2007         Time: 8:30 a.m.    Line Number: 4

**This matter will be heard by the Honorable Judge Socrates Peter Manoukian in Department 7 in the Downtown Superior Courthouse, 3rd Floor, 191 North First Street, San Jose. Any party opposing the tentative ruling must call Department 7 at 408.882.2170 and the opposing party no later than 4:00 PM on Thursday 15 March 2007.**

The Motion Plaintiff Facebook, Inc. ("Facebook") to Compel Defendant ConnectU, LLC ("ConnectU") to provide further answers and responses to Request for Production (Set Two) nos. 24-79, and the Motion by ConnectU for relief from waiver of its objections to Facebook's document requests,

came on regularly for hearing before the Honorable Socrates Peter Manoukian on 16 March 2007, at 8:30 a.m. in Department 7. The matter having been submitted, the Court finds and orders as follows:

## BACKGROUND

This case arises from a business dispute. Facebook and ConnectU operate social networking websites. Facebook alleges that ConnectU unlawfully gained access to Facebook's servers to obtain Facebook's confidential business information. Facebook has asserted two causes of action against ConnectU for violation of Penal Code § 502(c) and common law misappropriation.

The parties are also engaged in parallel federal litigation in the District of Massachusetts filed by ConnectU in September 2004. In that litigation, ConnectU has asserted claims against Facebook for breach of contract, misappropriation of trade secrets, breach of fiduciary duty, unjust enrichment, intentional interference with prospective business advantage, breach of duty of good faith and fair dealing and fraud.

## DISCOVERY DISPUTE

Facebook has moved to compel further responses by ConnectU to its document requests. In connection with its motion, Facebook argues that because ConnectU's responses to the document requests were untimely, ConnectU has waived its objections to the requests.

ConnectU has filed a motion "for an order stating that [ConnectU's] responses to [Facebook's] second set of document requests were timely served," or, in the alternative, for an order granting relief from any waiver of privilege or objection pursuant to Code of Civil Procedure § 2031.300.

## DISCUSSION

I.    **Relief from Waiver of Objections**

In her declaration, Karen J. Reimer ("Reimer"), litigation assistant employed by counsel for ConnectU, acknowledges that Facebook's request for production of documents (set two) were served by mail on 24 October 2006. Reimer states that the document requests were received by counsel for ConnectU on 27 October 2006. Reimer states that she mistakenly calculated a due date of 1 December 2006 for the document requests based on the date of receipt (27 October 2006) rather than the date of service (24 October 2006). Reimer states that the original due date should have been 28 November 2006. When Reimer was later informed of the two week

extension agreed to by counsel for the parties, she calculated a new deadline of 15 December 2006 based on the incorrect 1 December 2006 date. ConnectU's responses were actually due on 12 December 2006.

On 13 December 2006, counsel for ConnectU contacted counsel for Facebook to request a further extension of the response deadline. Counsel for Facebook informed counsel for ConnectU that responses were due on 12 December 2006 and that ConnectU's objections had been waived by its failure to provide a timely response. Later that day, 13 December 2006, counsel for ConnectU served by mail its initial responses to the document requests. These initial responses were signed by counsel for ConnectU and, *inter alia*, asserted various objections to the document requests.[11] A separate verification of the initial responses by ConnectU was served by mail on 27 December 2006.

Based, in particular, on Reimer's declaration, the Court concludes that ConnectU's responses were served one day late. Pursuant to Code of Civil Procedure § 2031.300(a), ConnectU waived any objection to Facebook's document requests.

The Court may grant relief from such waiver if (1) a substantially compliant response was made and (2) the failure to timely respond resulted from "mistake, inadvertence or excusable neglect." (Code Civ. Proc. § 2031.300(a).) The Court concludes that this standard has been met. Substantially compliant discovery responses were made. The failure to provide a timely response was inadvertent.[12] The Court will therefore consider ConnectU's objections in deciding Facebook's motion to compel.

## II.    Facebook's Motion to Compel

Facebook has moved to compel further responses to its requests for production of documents (set two) nos. 24-79.

In connection with a motion to compel further responses to a document request, the burden is on the moving party to establish good cause for the discovery. To establish good cause, the moving party must show both: (1) relevance to the subject matter and (2) specific facts justifying discovery. (**Weil & Brown, Civil Procedure Before Trial** (2006) 8:1495.6; Code Civ. Proc. § 2031.310(b).) For discovery purposes, information is "relevant to the subject matter" if it might reasonably assist a party in evaluating the case, preparing for trial, or facilitating settlement thereof. (*Gonzalez v. Superior Court* (1995) 33 Cal. App. 4th 1539, 1546.) "Absent a claim of privilege or attorney work product, the party who seeks to compel production has met his burden of showing good cause simply by a fact-specific showing of relevance." (*Kirkland v. Super. Ct.* (2002) 95 Cal. App. 4th 92, 98.)

Facebook's motion is directed both towards ConnectU's initial responses, which are discussed above, as well as supplemental responses served later.

### A.    Timeliness of Facebook's Motion

ConnectU argues that Facebook's motion to compel is untimely because it was made more than 50 days after the date on which responses to the document requests were due. ConnectU's argument with without merit. The deadline set forth in Code of Civil Procedure § 2031.310(c) is based on the date of the service of a response, not the date on which the response was due. Further, the deadline for serving notice of a motion to compel further responses to document requests runs from the date "of the service of the response, *or any supplemental response*." (Code Civ. Proc. § 2031.310(c) (emphasis added).)

ConnectU served its supplemental responses by mail on 26 January 2007. Facebook served a corrected notice of motion by mail on counsel for ConnectU on 2 March 2007.[13] 2 March 2007 is less than 50 days after 26 January 2007.

---

[11] Had it been timely, ConnectU's response would have been adequate to preserve its objections. (*Food 4 Less Supermarkets, Inc. v. Super. Ct.* (1995) 40 Cal. App. 4th 651, 657-8.)

[12] Facebook insists that Reimer deliberately miscalculated the response deadlines for its document requests. However, it has provided no meaningful support for this contention, other than to point to Reimer's past experience as a legal assistant and paralegal.

[13] Facebook's original notice of its motion to compel was filed with the Court on 1 February 2007. However, no proof of service for that notice was filed.

### B. Meet and Confer

ConnectU further argues that counsel for Facebook failed adequately to meet and confer with ConnectU's counsel prior to the filing of the motion. However, the Court concludes that the declaration of Facebook's counsel in support of Facebook's motion satisfies Code of Civil Procedure § 2031.310(b)(2).

### C. Document Requests at Issue

#### 1. Nos. 24-26, 28, 29, 31, 32, 34, 35, 37-39, 47, 48, 50-52, 55

Facebook does not address requests nos. 24-26, 28, 29, 31, 32, 34, 35, 37-39, 47, 48, 50-52, 55 in its memorandum in support of its motion. The only basis for compelling further responses to these requests presented in Facebook's separate statement is ConnectU's waiver of its objections. Because the Court has concluded that ConnectU is entitled to relief from such waiver, Facebook's motion fails as to these requests.

#### 2. Nos. 27, 30, 33, 36, 40, 44-46, 49, 53 and 54

Requests nos. 27, 30, 33, 36, 46, 49 seek documents regarding payments made specified third parties that Facebook contends performed or were asked to perform actions on behalf of ConnectU that are the basis for Facebook's causes of action in this litigation. Nos. 44 and 45 seek documents related to ConnectU's communications with some of those specified third parties. No. 40 seeks documents relating to access by ConnectU to the Facebook website. Nos. 53 and 54 seek documents related to ConnectU's profit and loss statements and balance sheets.

In its supplemental responses, ConnectU has agreed to provide non-privileged responsive documents for these requests to the extent that they have not already been produced in the Massachusetts litigation. Facebook nonetheless insists that further responses should be compelled. Facebook's principal argument focuses on the phrasing of ConnectU's agreement to produce documents. ConnectU states that it will provide documents "if they concern this responding party." All of the documents sought by Facebook in nos. 27, 30, 33, 36, 44-46, 53 and 54 "concern" the responding party (i.e., ConnectU). The Court discerns no basis for compelling any further response.

#### 3. Nos. 42 and 43

Requests nos. 42 and 43 seek documents related to agreements with and payments made to a person that Facebook contends is the original creator of ConnectU's website. ConnectU has agreed to provide documents that "constitute" such an agreement. Facebook's requests are not limited to documents that constitute the agreement. Further responses are required.

#### 4. Nos. 56, 57, 60, 61, 64

Requests nos. 56 and 57 seeks documents related to ConnectU's business plans. Nos. 60 and 61 seek documents sufficient to identify the persons involved in the development of ConnectU websites and the population of those websites with users. No. 64 seeks documents regarding interviews with ConnectU's founders. ConnectU's only responses to these requests are objections based on lack of relevance. ConnectU's objection is without merit. Facebook has shown good cause for discovery of these documents. Further responses are required.

#### 5. No. 59

Request no. 59 seeks documents related to any communications ConnectU has had regarding Facebook. ConnectU's response is an objection based on overbreadth and an offer to meet and confer to discuss a more narrowed request. ConnectU provides no argument in support of its objection in its opposition to Facebook's motion. In its separate statement, Facebook argues that such documents potentially go to many of the causes of action and defenses at issue in this litigation. The Court concludes that Facebook has shown good cause for its discovery request. A further response must be provided.

#### 6. No. 62

Request no. 62 seeks documents to sufficient to identify users of ConnectU social networking websites and the dates that they joined those websites. Facebook contends that these documents will show the movement of users over time as a result of ConnectU's purportedly unlawful conduct. Facebook further contends that these users are potential witnesses to spamming and other acts by ConnectU. ConnectU's only response to no. 62, other than

general objections, is, "See previous productions." Facebook has established good cause for the discovery of the requested documents. A further response must be provided.

### 7. No. 63

Request no. 63 seeks documents sufficient to identify "any investors, potential investors, loans, investments, gifts, contributions, offers to purchase, or other forms of financing contributed to or received" by ConnectU.

While ConnectU has not raised the issue, this request implicate the privacy rights of third parties. If disclosure of information would impair a person's "inalienable right of privacy" provided by the California Constitution, Article 1, §1, then even highly relevant information may be shielded from discovery. (***Britt v. Super. Ct.***, 20 Cal .3d 844, 855-56 (1978).) Personal financial information comes within the zone of privacy protected by the California Constitution. (***Moskowitz v. Super. Ct.***, 137 Cal. App. 3d 313, 315 (1982).) Here, Facebook seeks documents regarding the identities of investors and potential investors and the financial contributions themselves. As such, Facebook has the burden of showing that: (1) the documents requested are directly relevant to the litigation and (2) there are no alternate means for obtaining the information. (**Weil & Brown, Civil Procedure Before Trial** § 8:320-21 (2006).) Direct relevance means that the discovery is essential to determining the truth of the matter in dispute. (***Britt***, 20 Cal. 3d at 859-62.)

As with no. 62, ConnectU's response to no. 63 is, "See previous productions." Facebook contends that a further response is required because investors may have information regarding ConnectU, its operations and this litigation. However, Facebook does not describe any specific conduct by any investor or potential investor. Facebook also does not provide any description of the relevance of information regarding the financial contributions. For these reasons, the Court concludes that Facebook has failed to make a sufficient showing of direct relevance to overcome the constitutional privacy interests of the third parties involved.

### 8. Nos. 41, 58, 65, 66, 68 and 75

Requests nos. 41, 58, 65, 66, 68 and 75 seek documents related to ConnectU's communications, business and operations. In its supplemental responses, ConnectU has agreed to provide non-privileged, responsive documents that have not already been produced in the Massachusetts litigation. As such, the Court discerns no basis for compelling further responses.

### 9. Nos. 67, 69-74 and 76-79

Requests nos. 67, 69-75 and 76-79 seek documents related to total numbers ConnectU website users and ConnectU's finances. ConnectU's response to each of these requests is as follows: "Responding party believes that to the extent such documents exist, they were produced in the Massachusetts action." Facebook argues that such responses are insufficient. The Court agrees. ConnectU must provide an unequivocal statement that responsive, non-privileged documents have already been produced in the Massachusetts litigation, that it will produce responsive, non-privileged documents in compliance with the requests, and/or that no responsive, non-privileged documents exist.

## CONCLUSION

The Motion of ConnectU is GRANTED. ConnectU is relieved from the waiver of its objections to Facebook's document requests.

The Motion of Facebook is GRANTED IN PART. ConnectU shall provide further code-complaint responses to document requests nos. 42, 43, 56, 57, 59, 60-62, 64, 67, 69-74 and 76-79. All responses, documents and things shall be produced within 20 calendar days of this Order.

Also within 20 calendar days of this Order, ConnectU shall provide a privilege log pursuant to Code of Civil Procedure § 2031.240 for the document requests that are the subject of Facebook's motion.

DATED: _____

                                                **HON. SOCRATES PETER MANOUKIAN**
                                                *Judge of the Superior Court*
                                                *County of Santa Clara*

- oo0oo -