**E-Filed 4/13/10**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CHIN-LI MOU,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CITY OF SAN JOSE, et al.,<br><br>　　　　　Defendants. | Case Number C 07-5740 JF (RS)<br><br>ORDER[1] OVERRULING PLAINTIFF'S OBJECTIONS TO BILL OF COSTS |

　　　　On September 29, 2009, the Court granted Defendants' motion for summary judgment. On October 22, 2009, the Clerk of the Court taxed costs in the amount of $1,029.90. On February 18, 2010, Plaintiff filed a letter stating her belief that the Defendants have no basis upon which to tax costs against her and seeking guidance from the Court. Although the time period allowed for objections had passed, the Court allowed Plaintiff to file her objections to the award of costs. Plaintiff filed her objections on April 1, 2010. Defendants filed a response to the objections on April 6, 2010.

　　　　Federal Rule of Civil Procedure 54(d)(1) ("Rule 54(d)(1)") provides that, "[e]xcept when express provision therefor is made either in a statute of the United States or in these rules, costs

---

[1] This disposition is not designated for publication in the official reports.

other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs." This rule creates a "presumption for awarding costs to prevailing parties" and thus requires the losing party to show why costs should not be awarded. *Save Our Valley v. Sound Transit*, 335 F.3d 932, 944-45 (9th Cir. 2003). The Court must give specific reasons if it refuses to tax costs to the losing party. *See id.* at 945. However, the Court "need not give affirmative reasons for awarding costs; instead, it need only find that the reasons for denying costs are not sufficiently persuasive to overcome the presumption in favor of an award." *Id.*

The Court may consider a variety of factors in deciding whether to award costs, including whether the losing party has limited financial resources, *see Ass'n of Mexican-American Educators v. California*, 231 F.3d 572, 592 (9th Cir. 2000); *Stanley v. Univ. of S. Cal.*, 178 F.3d 1069, 1079 (9th Cir. 1999) (stating that indigency is a factor district courts may properly consider when deciding whether to award costs), whether an award of costs would "chill" future civil rights litigation, *see Save Our Valley*, 335 F.3d at 946 (holding that imposition of the "relatively small sum" of $5,310.55 would not result in injustice where a community group lost its race-based civil rights claim against a government agency), and whether the prevailing party has engaged in misconduct such that costs should not be awarded, *see Ass'n of Mexican-American Educators*, 231 F.3d at 592. However, "[n]oble intentions alone do not relieve an unsuccessful litigant of the obligation under Rule 54(d) to compensate his opponent for reasonable costs." *Nat'l Info. Servs., Inc. v. TRW, Inc.*, 51 F.3d 1470, 1472 (9th Cir. 1995) (holding that the district court abused its discretion when it "refused to award costs on the ground that Plaintiffs brought their case in good faith and with meritorious intentions when in fact they brought a case so devoid of merit that they were twice rejected by the district court on summary judgment").

Plaintiff argues that the Court should not award costs to Defendants for two reasons. First, she contends that she should be relieved of her obligation to pay because of her indigency. Second, she maintains that Defendants should bear their own costs because of their counsel's discovery misconduct and "intentional lies" to the Court.

Neither of these arguments is supported by the record. Plaintiff submitted no evidence to support her claim of indigency. The Court recognizes that Plaintiff began this action acting *pro*

1  *se* and later was assisted by *pro bono* counsel.  However, without specific evidence of Plaintiff's
2  current financial circumstances, this is an insufficient basis upon which to deny the relatively
3  small award of costs at issue here.  Defendants point out in their response papers that Plaintiff
4  owns a condominium in San Jose valued at more than $240,000.  Nor does Plaintiff identify any
5  evidence showing that defense counsel intentionally misled the Court or Plaintiff at any point in
6  these proceedings.
7       In light of the presumption favoring recovery of costs by the prevailing party, and in light
8  of the evidence in the record, Plaintiff's objections will be overruled.  Costs will be taxed against
9  Plaintiff in the amount of $1,029.90.

11       IT IS SO ORDERED.

13  DATED: 4/13/10

_____
JEREMY FOGEL
United States District Judge