\*\*E-Filed 1/18/11\*\*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| CHIN-LI MOU,<br><br>  Plaintiff,<br><br>  v.<br><br>CITY OF SAN JOSE, et al.,<br><br>  Defendants. | Case Number C 07-5740 JF (RS)<br><br>**ORDER[1] AWARDING COSTS** |

On September 29, 2009, the Court granted Defendants' motion for summary judgment. On October 22, 2009, the Clerk of the Court taxed costs in the amount of $1,029.90. On April 13, 2010, the Court overruled Plaintiff's objections to the bill of costs.

On April 19, 2010, Plaintiff, proceeding *pro se* as she has since summary judgment was granted, sent the Court a copy of her 2009 federal income tax return to support her argument that she is unable to pay costs. In an order dated April 26, 2010, the Court indicated that in light of Plaintiffs' *pro se* status, it would treat Plaintiff's communication of April 19, 2010, as a motion for reconsideration, and it requested a response from Defendants. On June 6, the Court ordered Plaintiff to appear for a debtor's examination, deferring its decision on Plaintiff's motion for

---

[1] This disposition is not designated for publication in the official reports.

Case No. C 07-5740 JF (RS)
ORDER
(JFLC3)

1  reconsideration pending the outcome of the examination.  The examination took place on
2  September 1, 2010.
3       Federal Rule of Civil Procedure 54(d)(1) provides that, "[e]xcept when express provision
4  therefor is made either in a statute of the United States or in these rules, costs other than
5  attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise
6  directs."  This rule creates a "presumption for awarding costs to prevailing parties" and thus
7  requires the losing party to show why costs should not be awarded.  *Save Our Valley v. Sound*
8  *Transit*, 335 F.3d 932, 944-45 (9th Cir. 2003).
9       The Court may consider a variety of factors in deciding whether to award costs, including
10  whether the losing party has limited financial resources, *see Ass'n of Mexican-American*
11  *Educators v. California*, 231 F.3d 572, 592 (9th Cir. 2000); *Stanley v. Univ. of S. Cal.*, 178 F.3d
12  1069, 1079 (9th Cir. 1999) (stating that indigency is a factor district courts may properly
13  consider when deciding whether to award costs), whether an award of costs would "chill" future
14  civil rights litigation, *see Save Our Valley*, 335 F.3d at 946 (holding that imposition of the
15  "relatively small sum" of $5,310.55 would not result in injustice where a community group lost
16  its race-based civil rights claim against a government agency), and whether the prevailing party
17  has engaged in misconduct such that costs should not be awarded, *see Ass'n of Mexican-*
18  *American Educators*, 231 F.3d at 592.  However, "[n]oble intentions alone do not relieve an
19  unsuccessful litigant of the obligation under Rule 54(d) to compensate his opponent for
20  reasonable costs." *Nat'l Info. Servs., Inc. v. TRW, Inc.*, 51 F.3d 1470, 1472 (9th Cir. 1995)
21  (holding that the district court abused its discretion when it "refused to award costs on the
22  ground that Plaintiffs brought their case in good faith and with meritorious intentions when in
23  fact they brought a case so devoid of merit that they were twice rejected by the district court on
24  summary judgment").
25       Plaintiff's debtor's examination revealed that she currently is unemployed and that a
26  large portion of her monthly expenses of $1,500 are paid by her former husband.  *See* Burchfiel
27  Decl., Ex 1; Mou Decl. ¶ 6.  These payments are made directly to the third-party creditors.  Yang
28  Decl. ¶ 2.  Plaintiff also is the sole owner of a condominium at 4141 Boneso Circle, San Jose.

1  Mou Decl. ¶ 4.  The Santa Clara County Assessor's Office Property indicates that the current
2  assessed value of the property is $246,223.00.  Burchfiel Decl., Ex. 4.  A professional property
3  value comparison indicates that the current value of the property is more than $400,000.  *Id.*, Ex.
4  5.  This amount comports with Plaintiff's statement in the San Francisco Superior Court that the
5  fair market value of the property is $400,000.  *Id.*, Ex 1.

6      While Plaintiff points to the potential chilling effect of a cost award, Defendants observe
7  correctly that multiple suits against public entities depreciate resources that could be used for the
8  broader benefit of the community.  The Court concludes that in this instance it is appropriate to
9  hold Plaintiff accountable for the relatively modest amount of costs at issue.

10      In order to diminish any hardship on Plaintiff, Defendants propose that the Court allow
11  the City to file a lien against Plaintiff's property that would be satisfied when there is a
12  conversion of the property to Plaintiff's benefit.  Because the Plaintiff has substantial assets and
13  receives significant support despite her present lack of income, the Court concludes that
14  Defendant's proposal is a fair resolution of the present dispute.

15  IT IS SO ORDERED.

17  DATED: 1/18/2010

                                                                                      JEREMY FOGEL
18                                                                                         United States District Judge

Case No. C 07-5740 JF (RS)
ORDER
(JFLC3)

1
2   This Order has been served upon the following person:
3
4   Ms. Chin-Li Mou
    4141 Boneso Circle
    San Jose, CA 95134
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Case No. C 07-5740 JF (RS)
ORDER
(JFLC3)