# EXHIBIT XVIII

1   G. HOPKINS GUY, III (STATE BAR NO. 124811)
    I. NEEL CHATTERJEE (STATE BAR NO. 173985)
2   MONTE COOPER (STATE BAR NO. 196746)
    JOSHUA H. WALKER (STATE BAR NO. 224940)
3   ORRICK, HERRINGTON & SUTCLIFFE LLP
    1000 Marsh Road
4   Menlo Park, CA 94025
    Telephone:   650-614-7400
5   Facsimile:   650-614-7401

6   Attorneys for Plaintiff
    THEFACEBOOK, INC.

ENDORSED

2005 AUG 17 A 8:39

Clark Sakai

8            SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                    COUNTY OF SANTA CLARA

11   THEFACEBOOK, INC.,          CASE NO. 105CV047381

12        Plaintiff,                 THEFACEBOOK, INC.'S COMPLAINT
                                           FOR VIOLATION OF CALIFORNIA
13        v.                          PENAL CODE § 502(C); AND
                                           COMMON LAW MISAPPROPRIATION
14   CONNECTU LLC, CAMERON       / UNFAIR COMPETITION.
    WINKLEVOSS, TYLER WINKLEVOSS,
15   HOWARD WINKLEVOSS, DIVYA
    NARENDRA, AND DOES 1-25,
16
       Defendants.

COMPLAINT

| | |
|---|---|
| 1 | Plaintiff TheFacebook, Inc. ("TheFacebook") hereby alleges for its Complaint for |
| 2 | Violations of Penal Code section 502(c), and Common Law Misappropriation / Unfair |
| 3 | Competition against defendants ConnectU LLC, Cameron Winklevoss, Tyler Winklevoss, |
| 4 | Howard Winklevoss, Divya Narendra, and Does 1-25 inclusive (collectively, the "Defendants"), |
| 5 | as follows: |

### PARTIES, JURISDICTION, AND VENUE

1. TheFacebook is a corporation incorporated in the State of Delaware ("TheFacebook"), with its principal place of business at 471 Emerson Street, Palo Alto, California. TheFacebook operates all of its servers in California.

2. Defendant ConnectU LLC is a limited liability corporation of the State of Delaware ("ConnectU"), with its principal place of business at 500 West Putnam Avenue, Greenwich, Connecticut. ConnectU was at all times during the wrongful acts complained of herein doing business in California. ConnectU is an interactive website that purports to provide certain website services to university students and alumni. ConnectU has specifically targeted California universities in its business activities. For example, ConnectU purports to have created "environments" for California universities, including but not limited to University of California, Berkeley. Its activities in California have been substantial and continuous.

3. TheFacebook is informed and believes and thereupon alleges that defendant Cameron Winklevoss is a resident of the State of Connecticut, that he is one of the founders of ConnectU, and is a member and manager of ConnectU.

4. TheFacebook is informed and believes and thereupon alleges that defendant Tyler Winklevoss is a resident of the State of Connecticut, that he is one of the founders of ConnectU, and that he is a member of ConnectU.

5. TheFacebook is informed and believes and thereupon alleges that defendant Howard Winklevoss is a resident of the State of Connecticut, and that he is a member of ConnectU. Howard Winklevoss is the father of Tyler and Cameron Winklevoss. TheFacebook is informed and believes and thereupon alleges that, in close contact with other Defendants, Howard Winklevoss had knowledge of the wrongful acts complained of herein and provided support for

1. such activities, including but not limited to payment for and financing of the accused activities complained of herein.

6. TheFacebook is informed and believes and thereupon alleges that defendant Divya Narendra ("Narendra") is a resident of the State of New York, that he is one of the founders of ConnectU, and that he is a member of ConnectU.

7. TheFacebook has not yet fully and independently identified the true names and capacities of the defendants sued herein as Does 1-25, inclusive, and therefore sues those defendants by such fictitious names. TheFacebook reserves the right to amend this complaint to allege such defendants' true names and capacities when they are ascertained. TheFacebook is informed and believes and thereupon alleges that each of the fictitiously designated defendants has been acting as a partner, contractor, joint venturer, agent, or employee of one or more of the named Defendants and that each is jointly and severally responsible for the acts and omissions complained of herein.

8. Venue and jurisdiction are proper in this jurisdiction pursuant to California Code of Civil Procedure §§ 393, 395, 410.10 and 1060, as well as California Penal Code §§ 502(e)(1) and 502(j). The cause of action arose, and the injuries described herein occurred primarily or wholly within, the County of Santa Clara, as did wrongful acts causing such injuries.

### GENERAL ALLEGATIONS

**A. TheFacebook**

9. TheFacebook is an interactive computer service which enables social networking amongst present and former university students.

10. TheFacebook is an industry leader in the business of social networking for college students. It currently has over three million registered users.

11. In order to legally access user profiles and other specific information on TheFacebook's web site, one must register and thereby agree to TheFacebook's Terms of Use ("Terms of Use") and its Privacy Policy ("Privacy Policy"). During all relevant times herein, Defendants were aware of these policies.

12. By registering, and becoming a member, the user gains personal access to other

- 3 -
COMPLAINT

1 profiles within his or her University (i.e., to profiles of other students and alumni), as well as to
2 the profiles of friends at other Universities that have explicitly granted such user access.

3 13. The Terms of Use and the Privacy Policy have, at all times since the launch of
4 TheFacebook's web site, prohibited all commercial use and access to data and communications
5 therein, except as explicitly authorized by TheFacebook.

6 14. From at least January 2005 until June 27, 2005, the Terms of Use provided as
7 follows (aside, on information and belief, from non-substantive modifications):

> The Web site is for the personal use of individual Members only and <u>may not be used in connection with any commercial endeavors. Organizations, companies, and/or businesses may not become Members and should not use the Service or the Web site for any purpose. Illegal and/or unauthorized uses of the Web site, including collecting email addresses or other contact information of members by electronic or other means for the purpose of sending unsolicited email</u> and unauthorized framing of or linking to the Web site will be investigated, and appropriate legal action will be taken, including without limitation, civil, criminal, and injunctive redress."

(Emphasis added.) In addition, it provided that:

> You may not engage in advertising to, or solicitation of, other Members to buy or sell any products or services through the Service. You may not transmit any chain letters or junk email to other members. Although Thefacebook cannot monitor the conduct of its members off the Web site, it is also a violation of these rules to use any information obtained from the Service in order to harass, abuse, or harm another person, or in order to advertise to, solicit, or sell to any member without their prior consent.

Lastly, it affirmed:

> Thefacebook owns and retains all proprietary rights in the Web site and the Service. The Web site contains the copyrighted material, trademarks, and other proprietary information of Thefacebook, and its licensors. Except for that information which is in the public domain or for which you have been given written permission, you may not copy, modify, publish, transmit, distribute, perform, display, or sell any such proprietary information.

15. TheFacebook also restricts access to and has always used its best efforts to keep confidential its aggregate customer lists and other proprietary user and system information, as from unauthorized uses and parties.

16. TheFacebook has generally expended substantial effort, money and time in developing the informational components of its web site, as well as its aggregate customer base.

1 The data on the TheFacebook's computers, computers systems, and computer networks is highly
2 valuable.
3 **B.    Unauthorized Access, Misappropriation, and Commercial Use by Defendants**
4     17.    ConnectU is a direct competitor of TheFacebook, and similarly offers an
5 interactive computer service which enables social networking amongst present and former
6 university students.
7     18.    ConnectU has attempted to aggressively compete with TheFacebook.
8     19.    ConnectU and other Defendants have gained unauthorized access to
9 TheFacebook's web site, and have taken extensive amounts of proprietary data from
10 TheFacebook, including but not limited to user data such as email addresses and other protected
11 data collected and/or created by TheFacebook. At least some of the emails and related data
12 Defendants took without authorization was from numerous individuals that had no direct contact
13 or prior business relationship with ConnectU. At least some of those individuals were California
14 residents.
15     20.    On information and belief, Defendants willfully and maliciously engaged in
16 unauthorized access to, and unauthorized appropriation of, TheFacebook's data, computers,
17 computer systems, and computer networks, at least in part in the hope of gaining competitive
18 advantage for ConnectU through such activities and to avoid the effort, time and money needed to
19 develop such data, customer lists, and other matter on its own.
20     21.    As a result of these incidents of unauthorized access and unauthorized
21 appropriations by Defendants, TheFacebook was damaged.
22     22.    As a result of their deliberate actions, Defendants improperly benefited from
23 TheFacebook's business efforts and established reputation, gaining substantial advantage from
24 access and use of TheFacebook's commercial and proprietary information.
25     23.    At various times, ConnectU distributed e-mails to members of TheFacebook and
26 otherwise sought to solicit TheFacebook's members, including the solicitation of members with
27 whom ConnectU had no prior or direct relationship with, in an effort to lure them to ConnectU.
28 ConnectU used the email addresses that had been gathered by and/or for ConnectU through

1  Defendants' unauthorized access to and unauthorized appropriations from TheFacebook's data, computers, computer systems, and computer networks.

24. In response to ConnectU's mass e-mailings, TheFacebook was forced to notify at least certain of its members of the apparent breach of their privacy by ConnectU, along with its agents and partners. TheFacebook is informed and believes and thereupon alleges that such notice damaged the trust its members placed in TheFacebook's web site and harmed TheFacebook's business.

25. TheFacebook is informed and believes and thereupon alleges that each of the Defendants had at least had knowledge of the wrongful acts described herein, as well as their commercial purpose, and at least some of the Defendants carried out such wrongful acts willfully and maliciously.

26. TheFacebook is informed and believes and thereupon alleges that Defendants and/or those similarly situated may continue to engage in such unauthorized access and unauthorized appropriations in the future. In addition, TheFacebook is informed and believes and thereupon alleges that Defendants continue to exploit TheFacebook's proprietary and valuable data for their own commercial benefit, to TheFacebook's detriment.

### FIRST CAUSE OF ACTION

(Violation of California Penal Code § 502(c) – Against All Defendants)

27. TheFacebook hereby realleges and incorporates by reference paragraphs 1 through 26, inclusive, of this complaint as though fully set forth herein.

28. Defendants have knowingly and without permission accessed, caused to be accessed, and used TheFacebook's data, computers, computer systems, and computer networks, in order to wrongfully obtain and control data, web site components, and other information of monetary value.

29. Defendants have knowingly and without permission taken, copied, and made use of data from TheFacebook's computers, computer systems, and computer networks, as well as taken and copied related data.

30. Defendants have knowingly and without permission provided or assisted in

- 6 -

providing a means of accessing TheFacebook's computers, computer systems, and computer networks in violation of California Penal Code Section 502. Furthermore, Defendants have knowingly instructed others to access, use, and copy TheFacebook's computers, computer systems, and computer networks, without permission.

31.　Defendants' unauthorized access and use has damaged and caused loss to TheFacebook.

32.　Defendants' actions constitute violations of California Penal Code section 502(e).

## SECOND CAUSE OF ACTION

(Common Law Misappropriation / Unfair Competition – Against All Defendants)

33.　TheFacebook hereby realleges and incorporates by reference paragraphs 1 through 32, inclusive, of this complaint as though fully set forth herein.

34.　TheFacebook has expended considerable time and money developing the commercially valuable customer lists, web site components, network, and other information specified in this complaint ("TheFacebook's Information").

35.　Defendants have taken such information and without authorization used, disclosed, and held out as their own TheFacebook's Information, without compensation to TheFacebook.

36.　As a consequence, TheFacebook has been harmed. TheFacebook is informed and believes, and on that basis alleges, that Defendants' acts and conduct constitute common law misappropriation / unfair competition and were carried out willfully, fraudulently, maliciously, and with the wanton disregard of TheFacebook's rights, thereby entitling TheFacebook to compensatory and punitive damages to be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, based upon the foregoing, TheFacebook prays for the following relief:

1.　An entry of judgment in favor of TheFacebook and against all Defendants on all causes of action.

2.　Compensatory, consequential, and incidental damages including, without limitation, compensatory damages reasonably incurred by TheFacebook to verify that each

1 | incidence of Defendants' access did not alter, damage, or otherwise harm the integrity of
2 | TheFacebook's computer systems, computer networks, computer programs, or data, pursuant to
3 | California Penal Code § 502(e)(1);
4 |   3.   Exemplary and punitive damages in an amount to exceed $25,000, as provided by
5 | law, including exemplary damages under California Civil Code § 3426.3(c) and punitive damages
6 | under California Penal Code § 502(e)(4) (exemplary or punitive damages);
7 |   4.   General damages in an amount to exceed $25,000;
8 |   5.   An accounting to establish, and an order requiring disgorgement of, the sums by
9 | which Defendants have been unjustly enriched, at any time, including that resulting from
10 | Defendants' use of TheFacebook's Information;
11 |   6.   Pre-judgment and post-judgment interest at the maximum rate allowed by law;
12 |   7.   Injunctive relief which assures that any future misappropriation of TheFacebook's
13 | commercial proprietary and other information be immediately stopped on the part of Defendants
14 | and other appropriate persons and/or entities, irrespective of whether any such Defendant, other
15 | person and/or entities is under the control of any (other) Defendant;
16 |   8.   All injunctive relief allowed under California Penal Code § 502(c) et seq.
17 |   9.   Further equitable relief in the most appropriate form that will have the effect of
18 | "undoing" any past and current misappropriations of TheFacebook's commercial proprietary and
19 | other information on the part of Defendants and other appropriate persons and/or entities,
20 | irrespective of whether under the control of any of Defendants;
21 |   10.  Attorneys' fees and costs incurred by virtue of this action, if authorized by law –
22 | including attorneys' fees and costs authorized by California Penal Code § 502(e)(2); Civil Code §
23 | 1021.5; and
24 |   11.  Such other relief, in law or equity, as the Court may deem just and appropriate in
25 | the circumstances.

## JURY DEMAND

Plaintiff hereby demands a trial by jury for all issues which may be tried by jury.

- 8 -
COMPLAINT

Dated: August 17, 2005

G. HOPKINS GUY, III
I. NEEL CHATTERJEE
MONTE M. F. COOPER
JOSHUA H. WALKER
ORRICK, HERRINGTON & SUTCLIFFE LLP

_____
G. Hopkins Guy, III
Attorneys for Plaintiff
THEFACEBOOK, INC.

DOCSSV1:416579