# EXHIBIT 1

Scott R. Mosko (State Bar No. 106070)
FINNEGAN, HENDERSON, FARABOW,
  GARRETT & DUNNER, L.L.P.
Stanford Research Park
3300 Hillview Avenue
Palo Alto, California 94304
Telephone:   (650) 849-6600
Facsimile:    (650) 849-6666

Attorneys for Defendants
ConnectU LLC, Cameron Winklevoss,
Tyler Winklevoss, Howard Winklevoss,
and Divya Narendra

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SANTA CLARA

| | |
|---|---|
| THE FACEBOOK, INC.<br><br>Plaintiff,<br><br>v.<br><br>CONNECTU LLC, CAMERON WINKLEVOSS, TYLER WINKLEVOSS, HOWARD WINKLEVOSS, DIVYA NARENDRA, AND DOES 1-25,<br><br>Defendants. | CASE NO. 105 CV 047381<br><br>**DECLARATION OF SCOTT R. MOSKO IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFF FACEBOOK, INC.'S MOTION TO COMPEL SUPPLEMENTAL RESPONSES AND PRODUCTION OF DOCUMENTS IN RESPONSE TO ITS FIRST SETS OF SPECIAL INTERROGATORIES AND REQUESTS FOR PRODUCTION; AND DEFENDANTS' REQUEST FOR SANCTIONS**<br><br>Date:    February 17, 2006<br>Time:    8:30 a.m.<br>Dept.    7<br>Judge:   Socrates Peter Manoukian |

I, Scott R. Mosko, declare that I am an attorney admitted to practice law in the State of California, and a member of the Finnegan, Henderson, Farabow, Garrett & Dunner, LLP firm, attorneys of record for Defendants ConnectU LLC, Cameron Winklevoss, Tyler Winklevoss, Howard Winklevoss, and Divya Darendra in the above-identified matter. The matters referred to in this declaration are based on my personal knowledge and if called as a witness I could, and would, testify competently thereto.

1. Attached as Exhibit A is a true and correct copy of a Notice of Deposition of ConnectU LLC (C.C.P. § 2026) propounded by Plaintiff and served on Defendants on or about November 3, 2005;

2. Attached as Exhibit B is a true and correct copy of ConnectU LLC's Opposition to *Ex Parte* Application and Application for Order Limiting Deposition, filed on January 6, 2006;

3. Attached as Exhibit C is a true and correct copy of this Court's Order, filed on January 6, 2006;

4. During the latter part of December, 2005, I participated in pre-motion conferences with Plaintiff's attorney Robert Nagel. During those conferences we discussed many issues, including the following:

   a. In response to Mr. Nagel's contention that Cameron Winklevoss, Tyler Winklevoss, and Divya Narendra should respond to interrogatories and produce documents involving the WINKLEVOSS COMPANIES, as Plaintiff has defined it in its discovery, I explained that neither Cameron Winklevoss, Tyler Winklevoss, nor Divya Narendra were owners, officers, directors or employees of these entities. I explained that while I did not believe Howard Winklevoss had possession, custody or control of the requested information regarding these entities, Plaintiff's decision to propound this discovery toward Cameron Winklevoss, Tyler Winklevoss, and Divya Narendra was improper.

   b. As a result of this pre-motion conference, Plaintiff and Defendants agreed that Defendants would amend certain answers.

   c. Also during this conference, I advised Mr. Nagel that the composition of ConnectU's members has not changed since its inception. I asked Mr. Nagel if he wanted me to so

Doc. No. 436197

DECLARATION OF SCOTT R. MOSKO IN SUPPORT OF
DEFENDANTS' OPPOSITION TO
PLAINTIFF'S MOTION TO COMPEL

1 state in the amended answers Defendants agreed to provide. Mr. Nagel answered that question in the negative.

    d. Also during this pre-motion conference, Mr. Nagel asked me why some of the interrogatory responses by the individual defendants were limited to their personal capacity, or to their capacity as members of ConnectU. I explained that ConnectU had turned over all information regarding its operations. Therefore, if Plaintiff were to read the individual defendants' responses in conjunction with ConnectU's responses, it would see that complete responses were provided. This was done to avoid having to prepare duplicative answers, as Plaintiff asked the same questions to ConnectU that it did to the individual defendants.

    e. Also during this pre-motion conference, Mr. Nagel and I re-confirmed that in order to avoid duplication of production efforts, the parties earlier agreed that any document previously produced in the Massachusetts action would be deemed produced in this action.

5. On January 12, 2006, Defendants served amended responses to certain discovery. True and correct copies of those amended responses are attached to Robert Nagel's Declaration, as Exhibits 23 - 27.

6. On January 13, 2006, Defendants served additional documents responsive to certain discovery requests. I am informed and believe these documents represent the only communications between any of the defendants and a California entity or an individual who resides in California. During the pre-motion conference, Robert Nagel asked me whether Defendants intended to withhold any such communications based on any of the objections asserted. I explained that although Defendants were not waiving their objections, all communications that showed on their face any contact between a defendant and a company or individual located in California would be produced.

7. On January 16, 2006, I attended the depositions of ConnectU LLC, Howard Winklevoss, Cameron Winklevoss, Tyler Winklevoss, and Divya Narendra. Although the documents referenced in the immediately preceding paragraph to this declaration were hand delivered to Plaintiff's counsel well before January 16, 2006, Plaintiff did not ask the Defendants any questions about these documents or the substance of these documents during their depositions. Further Plaintiff did not inquire about Howard Winklevoss's relationship with the WINKLEVOSS

COMPANIES. Plaintiff did not ask what, if any role Howard Winklevoss played in these companies. Plaintiff did not ask whether Howard Winklevoss had possession, custody or control of any documents maintained by the WINKLEVOSS COMPANIES. Plaintiff did not ask Howard Winklevoss any questions concerning the issue of whether there is a unity of interest, ownership, and control between himself and the entities involved. Plaintiff asked no questions regarding how the WINKLEVOSS COMPANIES were organized, where their charters were filed, whether they conduct meetings, or whether corporate formalities are followed. Plaintiff did inquire of the Defendants what their duties were on behalf of ConnectU. Attached as Exhibit E are true and correct copies of certain pages from these depositions in which such questions and answers can be found. **(FILED UNDER SEAL)**

8. As a result of this Court's January 6, 2006 Order, Defendant ConnectU has filed a motion for sanctions, a true and correct copy of which is attached as Exhibit D. **(FILED UNDER SEAL)**

9. Because Plaintiff has made specious arguments which have required Defendants to expend money and time responding, Defendants request they be compensated for their efforts. I have expended approximately 15 hours reviewing Plaintiff's motion and preparing the opposition. I expect to expend an additional 5 hours reviewing the reply, traveling to court, and arguing the motion. This 20 hours correlates to approximately $12,000.

I declare under penalty of perjury under the laws of the state of California that the foregoing is true and correct and that this declaration was executed on the 3rd day of February, 2006 at Palo Alto, California.

_____
Scott R. Mosko