# EXHIBIT A

G. HOPKINS GUY, III (STATE BAR NO. 124811)
I. NEEL CHATTERJEE (STATE BAR NO. 173985)
MONTE COOPER (STATE BAR NO. 196746)
THERESA A. SUTTON (STATE BAR NO. 211857)
YVONNE P. GREER (STATE BAR NO. 214072)
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA 94025
Telephone: 650-614-7400
Facsimile: 650-614-7401

Attorneys for Plaintiff
THE FACEBOOK, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FACEBOOK, INC., <br><br> Plaintiff, <br><br> v. <br><br> CONNECTU, LLC; PACIFIC NORTHWEST SOFTWARE; AND WINSTON WILLIAMS, <br><br> Defendants. | Case No. 5:07-CV-01389-RS <br><br> **FACEBOOK, INC.'S FIRST SET OF INTERROGATORIES TO DEFENDANT PACIFIC NORTHWEST SOFTWARE** |

**PROPOUNDING PARTY:** FACEBOOK, INC.

**RESPONDING PARTY:** PACIFIC NORTHWEST SOFTWARE

**SET NO.:** ONE (NOS. 1-4)

YOU ARE HEREBY REQUESTED, pursuant to Order by Honorable Judge Richard Seeborg dated May 23, 2007, Docket No. 74, and Federal Rule of Civil Procedure 33, to answer the following interrogatories separately and fully, in writing, and under penalty of perjury, by June 8, 2007.

**DEFINITIONS**

A. "ANY" shall be understood to include and encompass "ALL." As used herein, the

singular shall always include the plural and the present tense shall also include the past tense. The words "AND" as well as "OR" shall be construed disjunctively or conjunctively as necessary to bring within the scope of this request all documents or things that might otherwise be construed to be outside its scope.

B. The terms "PERSON" and "PERSONS" mean both natural persons and legal entities, including without limitation, corporations, companies, firms, partnerships, joint ventures, proprietorships, associations, and governmental bodies or agencies. Unless noted otherwise, references to any person, entity or party herein include its, his, or her agents, attorneys, employees, employers, officers, directors, or others acting on or purporting to act on behalf of said person, entity, or party.

C. "EVIDENCE" or any variant thereof, including but not limited to "EVIDENCING," when used in connection with any document, shall be understood to apply if the document directly or indirectly mentions, discusses, constitutes, concerns, supports contradicts, relates to, refers to, or in any other way deals with the subject matter described in the request in which the term appears.

D. "REFER TO" or "RELATE TO" as used herein mean pertaining to, relevant to, material to, evidencing, affecting, comprising, discussing, dealing with, considering or otherwise concerning in any manner whatsoever the subject matter of the inquiry.

E. "DOCUMENTS" means the originals and any and all copies of any and all writings, as defined by Federal Rule of Evidence 1001 to mean anything consisting "of letters, words, or numbers, or their equivalent, set down by handwriting, typewriting, printing, photostating, photographing, magnetic impulse, mechanical or electronic recording, or other form of data compilation," and including, but not limited to, all contracts, policy statements, manuals, telephone messages, checks, correspondence, letters, telegrams, emails, notes, mailgrams, minutes of any meetings, agendas, memoranda, interoffice communications, reports, studies, forecasts, working papers, charts, expense account reports, ledgers, journals, financial statements, statements of account, calendars, appointment books, diaries, drawings, graphs, schematics, blueprints, layouts, mask sets, photographs, sound recordings, computer documents, computer

discs, materials on a computer hard drive, electronic mail, or any other tangible things. The term "document" also means originals and copies of all of the above upon which notations in writing, print, or otherwise have been made that do not appear on the originals.

F. "COMMUNICATION" as used herein means any contact, oral or documentary, formal or informal, at any place or under any circumstances whatsoever whereby information of any nature is transmitted or transferred, including without limitation, any note, memorandum or other record thereof, or a single person seeing or hearing any information by any means.

G. "CONNECTU" means defendant ConnectU LLC and its directors, officers, parents, subsidiaries, predecessors, successors, assigns, agents, servants, employees, investigators, attorneys, AND ALL other persons and entities representing it acting on its behalf, OR purporting to act on its behalf, including without limitation, Howard Winklevoss, Cameron Winklevoss, Tyler Winklevoss, AND Divya Narendra.

H. "FACEBOOK" means, without limitation, Facebook, Inc. (formerly TheFacebook, Inc.), its past and present parents, subsidiaries, affiliates, predecessors, divisions, officers, directors, trustees, employees, staff members, agents, counsel, representatives, consultants, AND ALL PERSONS acting or purporting to act on its behalf.

I. "USERS" means, without limitation, PERSONS registered to use the services provided by CONNECTU, including without limitation, those provided at the connectu.com website.

J. "PACIFIC NORTHWEST SOFTWARE," "YOU" or "YOUR" means, without limitation, Defendant Pacific Northwest Software Inc., its past and present parents, subsidiaries, affiliates, predecessors, divisions, officers, directors, trustees, employees, staff members, agents, counsel, representatives, consultants, AND ALL PERSONS acting or purporting to act on its behalf, including without limitation, Winston Williams, Wayne Chang, AND John Taves.

K. "WINSTON WILLIAMS" means, without limitation, Defendant Winston Williams, his agents, counsel, partners, employees, representatives, any business entities owned by AND/OR controlled by Winston Williams, AND ALL PERSONS acting or purporting to act on his behalf.

# INSTRUCTIONS

1. If YOU object to any of the interrogatories herein on a privilege grounds, stated the privilege claimed and describe the facts giving rise to the privilege claim in sufficient detail so that the Court can adjudicate the validity of the claim.

2. "IDENTIFY," when used with respect to a natural person, means state the name, current telephone number and current home or business address of the person(s). If current information is not available, please provide the last available information regarding the person(s).

3. "IDENTIFY," and all variants including "IDENTITY" when used with respect to any entity, means state the name, place and date of incorporation or organization, principal place of business, and the identity of all natural persons having knowledge of the matter with respect to which it is named in an answer to an interrogatory.

4. To "IDENTIFY" a document means:

    a. to refer to the document's identification or exhibit number if the document has been previously produced or used in discovery or to attach a true copy of the document to the interrogatory answers and to state the document's title and date, or if unknown, the approximate date of creation;

    b. to identify each person who signed or participated in the preparation of the document;

    c. to identify each person who is an addressee, including each person to whom a copy was to be sent or who received a copy of the document;

    d. to summarize the subject matter of the document;

    e. to provide the present location of the document and the identity of the custodian of the original and each copy thereof; and

    f. if the document no longer exists, to give the date on which it was destroyed, the identity of the person who destroyed it, and the person under whose authority it was destroyed.

5. "IDENTIFY" a circumstance, occurrence or event, means to describe it in detail, including date, time, surrounding circumstances, PERSONS involved OR present, reasons, effects, results, where AND how it occurred, AND what occurred.

6. In answering the following interrogatories, YOU are required to provide ALL information that is available to YOU within YOUR control, including information in the possession of YOUR attorneys, investigators, employees, agents, representatives, and guardians or any other person acting on YOUR behalf, and not merely information from YOUR own personal knowledge.

7. If YOU cannot answer any interrogatory in full, answer to the extent YOU are able to do so, state the reason for YOUR inability to answer further, and state the knowledge or information available to YOU concerning the unanswered portion.

8. If YOU object to any of the interrogatories, YOU must state the grounds for any objection(s). If YOU object to only part of an interrogatory, YOU must state the objection and the grounds for any objection(s) and respond to the remainder of the interrogatory.

9. Each answer should be preceded by a reiteration of the full interrogatory to which it responds.

10. For each interrogatory, IDENTIFY ALL persons who provided information or otherwise assisted in preparing YOUR response.

## INTERROGATORIES

**INTERROGATORY NO. 1:**

Describe in detail AND IDENTIFY ALL contacts YOU have had with individuals, customers, OR businesses in California, including the PERSONS contacted, the location AND time where any such contact OR event occurred, the manner of contact, AND the subject matter of the contact OR event.

**INTERROGATORY NO. 2:**

IDENTIFY percentage of revenues based upon goods or services offered, licensed, sold or provided by YOU to California residents or businesses as compared to sales goods or services offered, licensed, sold or provided by YOU to non-California residents or businesses.

**INTERROGATORY NO. 3:**

IDENTIFY ALL Internet Protocol ("IP") Addresses and URLs that YOU used OR accessed to obtain any data from any website associated with Facebook, Inc. (including but not limited to the www.thefacebook.com and www.facebook.com), the purpose for the use or access, and ALL dates in which such URLs or IP addresses were accessed by YOU.

**INTERROGATORY NO. 4:**

IDENTIFY all instances (including dates) when YOU distributed email communications to email addresses obtained originally from FACEBOOK, including identification of ALL email addresses of PERSONS in California.

Dated: May 24, 2007

ORRICK, HERRINGTON & SUTCLIFFE LLP

_____
Yvonne P. Greer
Attorneys for Plaintiff
THE FACEBOOK, INC.