# EXHIBIT 1



Stanford Research Park ■ 3300 Hillview Avenue ■ Palo Alto, CA 94304-1203 ■ 650.849.6600 ■ Fax 650.849.6666
www.finnegan.com

FINNEGAN
HENDERSON
FARABOW
GARRETT &
DUNNER LLP

Scott R. Mosko
650.849.6672
scott.mosko@finnegan.com

November 5, 2007

VIA FACSIMILE AND EMAIL

Theresa Sutton, Esq.
Orrick, Herrington & Sutcliffe LLP
1000 Marsh Road
Menlo Park, CA 94025

TheFacebook, Inc., et al. v. ConnectU, LLC, et al.
Case No. 5:07-cv-01389-RS - U.S. District Court for the N.D. of California

Dear Ms. Sutton,

Thank you for your letter dated November 5, 2007, however, the points raised in your letter do not adequately address why you insist on moving forward with this motion.

PNS and Winston Williams have responded to Interrogatory No. 3 with "such information as is available" to them as required by Rule 33 of the Federal Rules of Civil Procedure. John Taves, the principal of PNS, testified that he is not familiar with the work Mr. Williams completed on behalf of ConnectU, LLC. Tr. at 112:18-113:6. PNS simply has no information regarding the IP addresses or URLs used to access the facebook.com website and cannot provide further supplemental responses. Mr. Williams has responded to Interrogatory No. 3 with the IP addresses that were used to access the facebook.com website. In your letter, you state that "[c]ertainly they know why they accessed the website...." Respectfully, we seem to be going in circles here. The interrogatory calls for the IP address used "to obtain data from any website associated with Facebook, Inc." Mr. Williams responded with three IP addresses. It seems patently obvious that these three IP addresses were used "to obtain data from any website associated with Facebook. Inc." Mr. Williams has provided a complete response to this interrogatory.

Next, you make the assumption that a January 2006 timesheet entry stating that Mr. Williams "started system to calculate # of e-mails sent to students at California schools" means that such a system was completed and successful. The existence of a short entry in a time sheet indicating that Mr. Williams had "started a system" to calculate the number of emails sent to California students does not establish that such a calculation was ever completed. There is no

Theresa Sutton, Esq.
November 5, 2007

FINNEGAN
HENDERSON
FARABOW
GARRETT &
DUNNER LLP

evidence in the record to support such an assumption. We repeat, there is no additional information available from which a supplemental answer can be written.

Finally, your letter brings up a number of points associated with the database that was searched for responsive information. The points are addressed below:

- *How the database was searched and why reconstruction is impossible.*

Asking us to describe how the database was searched will not change the fact that Mr. Williams has participated in an analysis of it and has concluded that the information in it does not allow him to further supplement his responses to Interrogatory Nos. 3 or 4. We provide you with a declaration to this effect. Please withdraw the motion.

- *[Mr. Williams] testified that he is sure reconstruction is possible.*

A complete reading of Mr. Williams testimony, in the context of the entire series of questions, clearly demonstrates that Mr. Williams thought that it may be possible to extract the requested information. Again, please refer to Mr. Williams declaration. He has now concluded this database will not assist in providing further answers to Nos. 3 or 4.

- *Mr. Williams testified that emails sent by ConnectU were logged on a PNS database server.*

Mr. Williams testified that email information was logged on a PNS server, though "not necessarily permanently." Tr. at 157:13-14. Unfortunately, you have cited to only part of the relevant testimony concerning the logging process. Again, please refer to the attached declaration.

- *Why only Mr. Williams was consulted.*

As you know from earlier depositions, there is no one at PNS who had hands-on involvement, other than Mr. Williams. We did consult with Mr. Taves, who again confirmed that Mr. Williams would be the only one he would know who could address these interrogatories.

- *Production of database information.*

Your motion addresses the issue of compelling a further response to Interrogatory Nos. 3 and 4. My letter concerned only these interrogatories. And, from what I can tell, it is likely that the information from this database has already been produced.

Theresa Sutton, Esq.
November 5, 2007

FINNEGAN
HENDERSON
FARABOW
GARRETT &
DUNNER LLP

     As indicated above, we attach a declaration from Winston Williams that we will file with our opposition to Plaintiffs' motion to compel, if you insist on moving forward with this motion. We again request you take this motion off calendar.

                                                         Very truly yours,

                                                         Scott R. Mosko

SRM: rjh
Attachment

I, WINSTON WILLIAMS, declare as follows:

1. I am a resident and citizen of the state of Washington;

2. My domicile is Seattle, Washington;

3. I am informed and believe that John Taves, principal at Pacific Northwest Software, Inc. ("PNS") forwarded to counsel certain files found on the following servers: 207.244.158.164, 207.244.158.165 and 207.244.158.34.

4. Recently, I participated in an analysis of several of these files identified above, to determine whether the information in these files could be used in responding to Interrogatory Nos. 3 or 4, which I previously answered.

5. I have reviewed my responses to Interrogatory Nos. 3 and 4. The files referred to in Paragraph 1 of this declaration are not helpful in responding to these interrogatories.

6. I am not aware of any other information created at PNS or otherwise, that would provide further information than what was provided in my responses to Interrogatory Nos. 3 or 4.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. This declaration is executed on the ___ day of November 2007.

_____
Winston Williams



Stanford Research Park ■ 700 Hansen Way ■ Palo Alto, CA 94304-1016 ■ 650.849.6600 ■ Fax 650.849.6666
www.finnegan.com

**FINNEGAN
HENDERSON
FARABOW
GARRETT &
DUNNER LLP**

# FACSIMILE TRANSMITTAL

## TO

Name: Theresa A. Sutton
Company: Orrick, Herrington & Sutcliffe LLP
Fax Number: 650-614-7401
Subject: TheFaceBook v. ConnectU

Date: November 5, 2007
Phone Number: 650-614-7400
Total Pages (including cover): 5
Confirmation Copy to Follow: No

## FROM

Name: Scott R. Mosko
Phone Number: 650-849-6672

Verified by: Rjh
Our File No.:

## MESSAGE

If there is a problem with this transmission, notify the sender at the number above.

This facsimile is intended only for the individual to whom it is addressed and may contain information that is privileged, confidential, or exempt from disclosure under applicable law. If you have received this facsimile in error, please notify the sender immediately by telephone (collect), and return the original message by first-class mail to the above address.

```
************************************************************                    P.01
                    TRANSACTION REPORT
                                                    NOV-05-2007 MON 07:04 PM

  FOR:  Finnegan,Henderson          6508496666
```

| SEND DATE | START | RECEIVER | TX TIME | PAGES | TYPE | NOTE | M# | DP |
|---|---|---|---|---|---|---|---|---|
| NOV-05 | 07:02 PM | 6147401 | 1'34" | 5 | FAX TX | OK | 564 | |

TOTAL :        1M 34S   PAGES:   5

---

**FINNEGAN HENDERSON FARABOW GARRETT & DUNNER LLP**

Stanford Research Park ■ 700 Hanson Way ■ Palo Alto, CA 94304-1016 ■ 650.849.6600 ■ Fax 650.849.6666
www.finnegan.com

### FACSIMILE TRANSMITTAL

**TO**
Name: Theresa A. Sutton
Company: Orrick, Herrington & Sutcliffe LLP
Fax Number: 650-614-7401
Subject: TheFaceBook v. ConnectU

Date: November 5, 2007
Phone Number: 650-614-7400
Total Pages (including cover): 5
Confirmation Copy to Follow: No

**FROM**
Name: Scott R. Mosko
Phone Number: 650-849-6672

Verified by: Rjh
Our File No.:

**MESSAGE**

---

If there is a problem with this transmission, notify the sender at the number above.

This facsimile is intended only for the individual to whom it is addressed and may contain information that is privileged, confidential, or exempt from disclosure under applicable law. If you have received this facsimile in error, please notify the sender immediately by telephone (collect), and return the original message by first-class mail to the above address.