# EXHIBIT E

```
1                   UNITED STATES DISTRICT COURT

2                 NORTHERN DISTRICT OF CALIFORNIA

3                        SAN JOSE DIVISION

4

5
    THE FACEBOOK, INC. AND      ) C-07-01389 JW
6   MARK ZUCKERBERG,            )
                                ) SAN JOSE, CALIFORNIA
7              PLAINTIFFS,      )
                                ) OCTOBER 28, 2008
8         VS.                   )
                                ) PAGES 1-76
9   CONNECTU, INC. (FORMERLY    )
    KNOWN AS CONNECTU, LLC),    )
10  PACIFIC NORTHWEST           )
    SOFTWARE, INC., WINSTON     )
11  WILLIAMS, AND WAYNE         )
    CHANG,                      )
12                              )
               DEFENDANT.       )
13  _____)

14
                    TRANSCRIPT OF PROCEEDINGS
15            BEFORE THE HONORABLE JAMES WARE
                UNITED STATES DISTRICT JUDGE
16

17  A P P E A R A N C E S:

18  FOR THE PLAINTIFF:  ORRICK, HERRINGTON & SUTCLIFFE
                        BY:  I. NEEL CHATTERJEE
19                      1000 MARSH ROAD
                        MENLO PARK, CALIFORNIA  94025
20

21

22         APPEARANCES CONTINUED ON NEXT PAGE

23

24  OFFICIAL COURT REPORTER: LEE-ANNE SHORTRIDGE, CSR, CRR
                        CERTIFICATE NUMBER 9595
25


                                                          1
```

```
 1
 2     APPEARANCES (CONTINUED)

 3     FOR DEFENDANTS:        BOIES, SCHILLER & FLEXNER, LLP
                              BY:  DAVID A. BARRETT
 4                            575 LEXINGTON AVENUE, 7TH FLOOR
                              NEW YORK, NEW YORK  10022
 5
                              BY:  EVAN ANDREW PARKE
 6                            5301 WISCONSIN AVENUE, N.W.
                              WASHINGTON, D.C.  20015
 7

 8     FOR QUINN,             QUINN, EMANUEL, URQUHART,
       EMANUEL:               OLIVER & HEDGES, LLP
 9                            BY:  BRUCE E. VAN DALSEM
                              865 SOUTH FIGUEROA STREET
10                            10TH FLOOR
                              LOS ANGELES, CALIFORNIA  90017
11
                              BY:  RANDY GARTEISER
12                            555 TWIN DOLPHIN DRIVE
                              SUITE 560
13                            REDWOOD SHORES, CALIFORNIA 94065

14     SPECIAL MASTER:        GEORGE C. FISHER
                              2600 EL CAMINO REAL, SUITE 410
15                            PALO ALTO, CALIFORNIA  94306

16

17

18

19

20

21

22

23

24

25
```

| | | |
|---|---|---|
| 11:18:01 | 1 | CLAIMANTS THAT MIGHT EXIST IN THE WORLD AGAINST, |
| 11:18:05 | 2 | AGAINST THE CONNECTU PARTIES. |
| 11:18:07 | 3 | AND I THINK, YOU KNOW, IF THE COURT IS, |
| 11:18:11 | 4 | YOU KNOW, INCLINED TO MOVE IN THAT DIRECTION, THAT |
| 11:18:16 | 5 | WITH RESPECT TO FACEBOOK, YOU KNOW, CASH MEANS |
| 11:18:19 | 6 | CASH.  IT DOESN'T MEAN A CHECK PAYABLE TO TWO |
| 11:18:23 | 7 | PARTIES.  IT DOESN'T MEAN A CHECK IN A TRUST. |
| 11:18:26 | 8 | IT MEANS -- YOU KNOW, IN THIS CASE IT |
| 11:18:30 | 9 | WOULD BE SOME RATHER LARGE SUITCASES, BUT THAT'S |
| 11:18:33 | 10 | LITERALLY WHAT THEY SAID. |
| 11:18:34 | 11 | AND IF THEY WANTED TO PROTECT THEMSELVES |
| 11:18:37 | 12 | AGAINST THESE KINDS OF CLAIMS, AS THE COURT HAS |
| 11:18:39 | 13 | SAID IN OTHER CONTEXTS, THAT SHOULD HAVE BEEN |
| 11:18:42 | 14 | SOMETHING THAT WAS INCLUDED IN THE AGREEMENT. |
| 11:18:44 | 15 | SO IF, IF THERE'S A POTENTIAL PROBLEM FOR |
| 11:18:47 | 16 | FACEBOOK -- AND, AGAIN, I THINK IT'S A VERY REMOTE |
| 11:18:50 | 17 | ONE -- IT'S REALLY A PROBLEM OF THEIR OWN MAKING IN |
| 11:18:54 | 18 | THAT REGARD. |
| 11:18:55 | 19 | THE COURT:  THANK YOU, COUNSEL. |
| 11:18:57 | 20 | DID YOU WANT TO ADDRESS THE COURT ON |
| 11:18:59 | 21 | BEHALF OF QUINN, EMANUEL? |
| 11:19:01 | 22 | MR. VAN DALSEM:  IF THE COURT IS INCLINED |
| 11:19:04 | 23 | TO HEAR US, I WOULD LIKE TO, YOUR HONOR. |
| 11:19:06 | 24 | THE COURT:  OF COURSE. |
| 11:19:06 | 25 | MR. VAN DALSEM:  AND THE REASON I SAY |

48

1 THAT IS WE'RE NOT A PARTY AND WE HAVEN'T
2 INTERVENED, AND I'LL TOUCH UPON WHY WE HAVEN'T DONE
3 THAT IN MY REMARKS.
4 I AGREE WITH WHAT MR. BARRETT SAYS WITH
5 ONE SIGNIFICANT EXCEPTION, AND THAT SIGNIFICANT
6 EXCEPTION IS THAT THE COURT'S PROPOSAL SET FORTH IN
7 THE OSC WOULD ALTER THE STATUS QUO THAT WOULD HAVE
8 EXISTED BUT FOR THIS DISPUTE.
9 QUINN, EMANUEL HAS A CONTRACTUAL LIEN
10 OVER THIS RECOVERY, AND IN THE NORMAL COURSE,
11 REALLY BECAUSE OF THE LEVIN CASE WHICH WE'VE CITED,
12 A DEFENDANT PAYING A PLAINTIFF WILL ISSUE THE
13 PAYMENT INSTRUMENTS, BE THEY CHECKS OR OTHERWISE,
14 JOINTLY TO THE PLAINTIFF AND THEIR COUNSEL.
15 AND THE REASON THEY DO THAT IS BECAUSE
16 THE LEVIN CASE IN CALIFORNIA HOLDS THAT IF THEY'RE
17 ON NOTICE OF A CONTRACTUAL RIGHT OF THE LAWYERS TO
18 RECEIVE A PORTION OF THAT MONEY AND THEY FAIL TO
19 INCLUDE THE LAWYERS AS A PAYEE, THEN THE DEFENDANT,
20 IN THIS CASE FACEBOOK, FACES POTENTIAL LIABILITY.
21 SO IN THE NORMAL COURSE OF THINGS, HAD
22 THIS SETTLEMENT NOT BEEN CONTESTED AND IN THE
23 ABSENCE OF SOME WRITTEN INSTRUCTION TO FACEBOOK TO
24 DO OTHERWISE, FACEBOOK WOULD HAVE ISSUED THE
25 CONSIDERATION JOINTLY TO CONNECTU, ITS FOUNDERS,

49

```
11:20:19   1    AND THE FIRM.
11:20:20   2            AND I THINK FACEBOOK HAS TAKEN THAT
11:20:23   3    POSITION HERE AND HAS CONFIRMED THAT THAT'S WHAT
11:20:25   4    WOULD HAVE HAPPENED IN THE NORMAL COURSE.
11:20:27   5            IF THE COURT FOLLOWS THROUGH ON WHAT IT
11:20:29   6    STATED IN THE OSC, IT WOULD BE DELIVERING THE
11:20:32   7    CONSIDERATION FROM FACEBOOK DIRECTLY TO THE
11:20:34   8    CONNECTU FOUNDERS WHO COULD -- WHO WOULD THEN BE
11:20:38   9    FREE TO DO WITH IT WHATEVER THEY WISH, AND THAT
11:20:40  10    WOULD ALTER THE STATUS QUO THAT WOULD HAVE EXISTED
11:20:43  11    BUT FOR THIS DISPUTE.
11:20:45  12            AND THAT -- IN MY OPINION, THAT IS NOT
11:20:47  13    SOMETHING THE COURT SHOULD DO BECAUSE IT WOULD
11:20:49  14    DESTROY THE LIEN RIGHT.
11:20:51  15            I AGREE WITH MR. BARRETT THAT IT IS NOT
11:20:53  16    FOR THIS COURT TO ADJUDICATE ANY PORTION OF THE
11:20:56  17    DISPUTE BETWEEN QUINN, EMANUEL AND ITS FORMER
11:20:59  18    CLIENTS.
11:20:59  19            THERE'S AN ARBITRATION CLAUSE.  WE HAVE
11:21:01  20    COMMENCED AN ARBITRATION IN NEW YORK BEFORE THE
11:21:05  21    TRIPLE A.  THEY TRIED TO ENJOIN IT.
11:21:07  22            THAT WAS DEFEATED.  JUSTICE LOWE IN THE
11:21:10  23    SUPREME COURT IN NEW YORK HELD THAT THE MATTER WAS
11:21:13  24    ARBITRABLE.  THEY'VE ASSERTED COUNTERCLAIMS.
11:21:15  25            AND THAT IS THE PROPER FORUM IN WHICH TO
```

11:21:17 1  RESOLVE ALL OF THESE QUESTIONS AS BETWEEN QUINN,
11:21:20 2  EMANUEL AND ITS FORMER CLIENTS.
11:21:22 3          WHAT SHOULDN'T HAPPEN IN THE MEANTIME IS
11:21:24 4  THE FORMER CLIENTS OBTAIN ALL OF THE MONEY AND THEY
11:21:27 5  CAN DO WITH IT WHATEVER THEY -- WITH THAT MONEY
11:21:28 6  WHATEVER THEY WISH ONCE THEY HAVE THEIR HANDS ON IT
11:21:31 7  AND THEREBY DEFEAT OUR LIEN INTEREST.
11:21:34 8          AND THE COURT'S OSC WOULD ALTER WHO WOULD
11:21:37 9  NORMALLY BE THE PROTECTION FOR QUINN, EMANUEL UNDER
11:21:41 10 THESE CIRCUMSTANCES.
11:21:42 11         THE COURT:  WELL, THE OBLIGATION THAT
11:21:46 12 YOU'RE CITING OF A CONTRACTUAL LIEN HAS NOT BEEN
11:21:52 13 ADJUDICATED AS OF YET; CORRECT?
11:21:54 14         MR. VAN DALSEM:  WELL, THE LIEN IS
11:21:56 15 PERFECTED AND WE'VE CITED CASES UPON EXECUTION OF
11:21:58 16 THE FEE AGREEMENT.  THE MOMENT THAT AGREEMENT WAS
11:22:01 17 SIGNED, THE LIEN WAS PERFECTED.
11:22:03 18         THE COURT:  WHAT DOES IT MEAN FOR A LIEN
11:22:05 19 TO BE PERFECTED?
11:22:06 20         MR. VAN DALSEM:  THAT MEANS THAT QUINN,
11:22:08 21 EMANUEL, AS COUNSEL FOR THE CONNECTU PARTIES, HAS A
11:22:11 22 LIEN OVER WHAT WERE THEN CAUSES OF ACTION, WHICH
11:22:14 23 WERE THEN CONVERTED INTO THINGS OF VALUE AS PART OF
11:22:17 24 THE SETTLEMENT.
11:22:17 25         SO WE HAVE AN ABILITY TO THEN FORECLOSE

```
11:22:19   1    ON THAT LIEN, AND CALIFORNIA LAW IS VERY CLEAR THAT
11:22:22   2    WE -- THAT THAT FORECLOSURE PROCEEDING DOES NOT
11:22:25   3    HAPPEN HERE.  IT HAS TO HAPPEN IN AN INDEPENDENT
11:22:28   4    ACTION BROUGHT BY THE LAWYERS AGAINST THE FORMER
11:22:30   5    CLIENTS.
11:22:32   6             WE'VE DONE THAT.  THAT'S BEFORE THE
11:22:33   7    TRIPLE A IN NEW YORK AND THAT WILL PROCEED HOWEVER
11:22:35   8    IT PROCEEDS.
11:22:37   9             THE COURT:  THE -- YOUR -- THE
11:22:39  10    OBLIGATION, THOUGH, IS ONLY TO FACEBOOK WITH
11:22:48  11    RESPECT TO THE LIEN?
11:22:50  12             MR. VAN DALSEM:  THE OBLIGATION --
11:22:51  13    FACEBOOK FACES POTENTIAL LIABILITY IF THESE FUNDS
11:22:55  14    ARE TURNED OVER TO THE CONNECTU PARTIES WITHOUT
11:22:57  15    ACCOUNTING FOR THAT LIEN.
11:22:58  16             THE COURT:  RIGHT.  BUT -- AND I GUESS SO
11:23:02  17    DO THE FOUNDERS AND CONNECTU?
11:23:04  18             MR. VAN DALSEM:  THAT'S CORRECT.
11:23:05  19             THE COURT:  ALL RIGHT.  BUT IF THE FUNDS
11:23:08  20    ARE NEVER TURNED OVER TO FACEBOOK, WHAT HAPPENS?
11:23:11  21             MR. VAN DALSEM:  YOU MEAN NEVER TURNED
11:23:13  22    OVER TO CONNECTU?
11:23:14  23             THE COURT:  NO, NEVER TURNED OVER BY
11:23:17  24    FACEBOOK.
11:23:18  25             MR. VAN DALSEM:  OH.  IF THE FUNDS ARE
```