Exhibit A

1  Steven C. Holtzman (State Bar No. 144177)
   sholtzmann@bsfllp.com
2  BOIES SCHILLER & FLEXNER LLP
   1999 Harrison Street, Suite 900
3  Oakland, California 94612
   Telephone: (510) 874-1000
4  Facsimile: (510) 874-1460

5  D. Michael Underhill (*pro hac vice*)
   BOIES SCHILLER & FLEXNER LLP
6  munderhill@bsfllp.com
   5301 Wisconsin Avenue, N.W.
7  Washington, D.C. 20015
   Telephone: (202) 237-2727
8  Facsimile: (202) 237-6131

9  Scott R. Mosko (State Bar No. 106070)
   scott.mosko@finnegan.com
10 FINNEGAN, HENDERSON, FARABOW,
     GARRETT & DUNNER, L.L.P.
11 Stanford Research Park
   3300 Hillview Avenue
12 Palo Alto, California 94304
   Telephone: (650) 849-6600
13 Facsimile: (650) 849-6666

14 Attorneys for CAMERON WINKLEVOSS,
   TYLER WINKLEVOSS, and DIVYA NARENDRA

15

16                    UNITED STATES DISTRICT COURT

17                   NORTHERN DISTRICT OF CALIFORNIA

18                           SAN JOSE DIVISION

| | |
|---|---|
| 19  THE FACEBOOK, INC. and<br>     MARK ZUCKERBERG,<br>20<br>21                 Plaintiffs,<br>22       v.<br>23  CONNECTU, INC. (formerly known as<br>    CONNECTU, LLC), PACIFIC NORTHWEST<br>24  SOFTWARE, INC., WINSTON WILLIAMS,<br>    and WAYNE CHANG,<br>25<br>26                 Defendants.<br>27 | Case No. 5:07-CV-01389-JW<br><br>**EXHIBIT A TO FOUNDERS' MOTION<br>TO FILE SUPPLEMENTAL BRIEFING:**<br><br>**CAMERON WINKLEVOSS,<br>TYLER WINKLEVOSS, AND DIVYA<br>NARENDRA'S SUPPLEMENTAL BRIEF<br>IN OPPOSITION TO CONNECTU, INC.'S<br>MOTION TO DISQUALIFY COUNSEL** |

28

At the hearing held on August 17, 2009, the Court and counsel discussed the decisions by the Ninth Circuit in *Christiansen v. United States District Court*, 844 F.2d 694 (9th Cir. 1988), and the New York Court of Appeals in *Tekni-Plex, Inc. v. Meyer and Landis*, 674 N.E.2d 663 (N.Y. 1996). As detailed below, *Christiansen* strongly supports the Founders' position and *Tekni-Plex* is distinguishable insofar as it ordered disqualification.

*Christiansen* addresses a number of issues raised by the Court at the August 17, 2009, oral argument; specifically, (i) how joint representation affects alleged conflicts of interests, (ii) the role of the substantial relationship test, and (iii) considerations of public perceptions regarding lawyer-client relationships. Both the reasoning and the holding in *Christiansen* require denial of the motion to disqualify.

First*, Christiansen* involved the requested disqualification of a law firm which had jointly represented multiple clients — a corporation and its old management. As with ConnectU, ownership and control of the corporate entity (a bank) changed and new management sought to disqualify the bank's former lawyers, who continued to represent prior management in defending against new management's claims of misconduct. The Ninth Circuit granted mandamus and reversed the district court's order disqualifying the law firm, even though counsel's previous work for the bank was "substantially related" to the current suit.

Second, the Ninth Circuit held that the "substantial relationship" test does not apply where "the former client [the bank] has no reason to believe that information given to counsel will not be disclosed to the firm's current client [prior management]." *Id.* at 699. Any confidences that the law firm could have learned from the bank were available to it from its current clients, just as is true here. *See, e.g.,* cmt 1. to ABA Model Rule of Professional Conduct 1.13 ("An organizational client is a legal entity, but it cannot act except through its officers, directors, employees, shareholders and other constituents."). Indeed, unlike the bank in *Christiansen*, ConnectU has had minimal operations and revenues, such that any "confidences" it might have are certainly known to the Founders.

The Ninth Circuit's holding accords with the general rule that lawyers may be adverse to former clients, except for those instances to which the substantial relationship test applies: A lawyer is "bound to the [client] for a specific purpose only, not in perpetual servitude." Geoffrey C. Hazard,

W. William Hodes, Peter R. Jarvis, *The Law of Lawyering*, § 13.2 (3rd ed. 2009). Because the "substantial relationship" test was "inapplicable," 844 F.2d at 699, the Ninth Circuit did not fashion an alternative test, but applied this general rule and allowed the adverse representation.

Third, as to the issue of public perceptions, the Ninth Circuit reversed disqualification in *Christiansen* even though it was sought by government regulators who had taken over the failed bank and were alleging mismanagement by former officers to the public detriment. Thus, the Ninth Circuit's public interest calculus necessarily included its assessment of public perceptions regarding ethical lawyering as well as the strong public interest in ensuring the integrity and soundness of the banking system — yet it still barred disqualification. Here, additional facts suggest that public perceptions do not require disqualification: (i) it is the Founders' consistent adversary Facebook that controls ConnectU and is now dictating its conduct: (ii) the law firms that ConnectU seeks to disqualify have brought no affirmative claims against ConnectU; and (iii) the Founders are only seeking relief from Facebook, not ConnectU.[1] Moreover, if disqualification were to occur here, the Founders will be deprived of the services of their attorneys because they complied with a court order to turn over their company to their adversary.

With respect to the *Tekni-Plex* case, we note that among the circumstances which led to the Meyer firm's disqualification was that "the record fails to establish that [Meyer] also represented Tang individually on these matters," and therefore "the exception to the privilege for co-clients who subsequently become adversaries is inapplicable." *Id.* at 666. The facts in our case are in sharp contrast; the record is undisputed that law firms jointly represented ConnectU and the Founders under circumstances where ConnectU "ha[d] no reason to believe that information given [by ConnectU] to counsel will not be disclosed to the firm's current client [the Founders]." *Christiansen,* 844 F.2d at 699.

---

[1] To the extent that there is any concern about the law firms' bringing claims for debts owed to the Founders or Howard Winklevoss by ConnectU, that can be addressed by a prophylactic order limited to such claims, rather than the drastic remedy being sought by ConnectU. *See UMG Recordings v. MySpace, Inc.*, 526 F. Supp. 2d 1046 (C.D. Cal. 2007) (conditioning denial of motion to disqualify on dropping affirmative defense which created conflict between law firm and former client).

In conclusion, courts must give disqualification motions "particularly strict judicial scrutiny" and consider "[t]he cost and inconvenience to clients," *Optyl Eyewear v. Style Cos. Ltd.*, 760 F.2d 1045, 1050 (9th Cir. 1985), especially where individuals with a substantial investment in the lawyer-client relationship are involved. Disqualification in the matters pending in this Circuit would severely prejudice the Founders. Currently pending before the Ninth Circuit are several complex and inter-related appeals. Disqualification would deprive the Founders of their long-time counsel at a crucial time, as well as the irreplaceable institutional knowledge of the long-running and complex underlying cases.[2]

Dated: August 21, 2009

BOIES SCHILLER & FLEXNER LLP

By: /s/ D. Michael Underhill
D. Michael Underhill

FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER, L.L.P.

By: /s/ Scott R. Mosko
Scott R. Mosko

Attorneys for CAMERON WINKLEVOSS, TYLER WINKLEVOSS, and DIVYA NARENDRA

---

[2] The law firms involved in this matter also represent the Founders and Howard Winklevoss in other proceedings outside of this Circuit: O'Shea in an arbitration proceeding in New York which is set for a merits hearing in October; and Boies and Finnegan in Massachusetts court proceedings. This Court can only address the on-going proceedings in this Circuit. ConnectU has filed a separate motion to disqualify in the Massachusetts action which remains pending. ConnectU has not sought disqualification in the arbitral forum or from any court having jurisdiction over the arbitration.